Alien, J.
 

 This case arose as an application for an injunction to restrain the board of elections of Butler county, Ohio, from placing upon the ballot for the primary election to be held on May 10, 1932, the names of thirteen persons as candidates for election as members of the Butler County Democratic Central Committee. The case was heard in the court of common pleas of Butler county, Ohio, from which court, after rendering of judgment, an appeal was prosecuted to the Court of Appeals of Butler county. That court entered a decree denying the relief asked, and dismissing plaintiff’s petition.
 

 The Court of Appeals entered the following decree and finding:
 

 “This cause came on to be heard upon an appeal from the Court of Common Pleas, Butler County, Ohio, and was submitted to the Court upon the pleadings and the evidence and argument of Counsel, and Plaintiff having requested a separate finding of the conclusions of Law and Fact, the Court finds as a conclusion of Fact—
 

 “That none of the Declarations of Candidacy nor the Petitions of Candidates were subscribed by the signers thereof before the Notary, whose certification is attached to said Declarations of Candidacy and Petitions of Candidates, with the exception of the Declaration of Candidacy of E. O. Haldeman, who did subscribe and swear to said Declaration of Candidacy before the Notary, whose certificate is attached thereto.
 
 *253
 
 But that the signers of the Petition accompanying said Declaration of Candidacy of said E. O. Haldeman, did not subscribe nor swear to or affirm the same before the Notary, whose certificate is attached thereto.
 

 “The Court further finds that all Petitions were signed by a sufficient number of electors and that their signatures were genuine.
 

 “The Court further finds that all of said Declarations of Candidacy and Petitions were filed with the Board of Elections of Butler County, Ohio, on the 11th day of March, 1932; that afterwards on the 15th day of March, 1932, a Protest and Objection to said Declarations of Candidacy and Petitions of Candidates were filed with said Board of Elections. That after-wards, and before said Protest and Objection were heard by said Board, all of the signers of said Declarations of Candidacy with the exception of one of the signers of the Petition of Carl J. Rosmarin and the five signers of the Petition of E. O. Haldeman, appeared before the notary, whose certificate was attached to said Petitions and Declarations of Candidacy, and acknowledged the same.
 

 “That afterwards, upon hearing of said Protest and Objection, said Board of Elections found against said Protests and Objections and ordered said names of said candidates printed upon the ballots.
 

 “The Court further finds that the signers of the Petition of E. O. Haldeman and one of the signers of the Petition of Carl J. Rosmarin, at no time appeared before the Notary, whose certificate is attached thereto, and acknowledged or swore to or affirmed the same.
 

 ‘
 
 ‘
 
 The. Court further finds that said Declarations of Candidacy and Petitions of the Candidates were, as to form, in exact compliance with the forms set forth in and required by the Statute, and signed and sealed by a Notary.
 

 “As a conclusion of Law in this cause, based upon the foregoing conclusion of Fact, the Court finds—
 

 
 *254
 
 “1. That the action of said Board of Elections in ordering said names of Candidates printed upon the ballots was final.
 

 “2.
 
 That said defects of said Petitions and Declarations of Candidacy are mere technical defects.
 

 “It is therefore, ordered and decreed by the Court that the relief prayed for be denied, and that the Petition of Plaintiff be dismissed.”
 

 It will therefore be seen that there are two legal problems presented by this error proceeding. The statutory date for filing the declarations of candidacy and the petitions was March 11,1932, and in each case the attempted amendment of the declarations and the petitions was made after that statutory period had expired. In the case of twelve of the candidates, the facts present exactly the same legal question, namely, whether an elector who, within the statutory period, has filed a declaration of candidacy which he has not in fact acknowledged, subscribed and sworn to before the notary whose certification is attached to such declaration of candidacy, may after such statutory date for filing acknowledge, subscribe and swear to such declaration of candidacy before the notary and thus cure the defect.
 

 With reference to the petitions of E. O. Haldeman and Carl J. Rosmarin, the legal question presented is whether a person who, within the statutory period, has filed a declaration of candidacy containing the requisite number of signers on the petition accompanying such declaration, where the signers to this petition have not in fact subscribed nor sworn to nor affirmed the same before the notary whose certificate is attached thereto, may procure the subscription and the oath or affirmance necessary to be made before the notary by the signers of the petition subsequent to the time provided by statute for the filing of such declaration of candidacy.
 

 
 *255
 
 The legal problems arise under Sections 4785-70, 4785-71 and 4785-72, General Code.
 

 Section 4785-70 provides that each candidate “shall
 
 *
 
 * * file a declaration of candidacy, and shall pay the fee required by law. Such declaration of candidacy shall be accompanied by a petition # *
 

 Section 4785-71 prescribes the form of “declaration of candidacy.” This blank form contains an acknowledgment to be subscribed and sworn to by the candidate.
 

 Section 4785-72, providing for “Petition for candidate,” was enacted April 5, 1929, effective January 1, 1930, and was amended June 11, 1931, effective June 30, 1931 (114 Ohio Laws, 690). This section requires that to each declaration of candidacy there shall be attached a “petition for candidate.” The section, both as originally enacted and as amended, reads in its material portion: “In case of a petition for a candidate for member of a party controlling committee the five persons signing such petition of candidacy shall subscribe and swear to (or affirm) the same before any person authorized by law to administer an oath or take an affirmation.”
 

 The Court of Appeals held that the defects in these petitions and declarations were mere technical defects, and that hence they could be ignored by the board of elections. However, it has been previously held by this court in
 
 State, ex rel. Minor,
 
 v.
 
 Curtis et al., Deputy State Supervisors of Elections,
 
 101 Ohio St., 383, 130 N. E., 18, that provisions as to the method of signing nomination papers are mandatory, and that they must be complied with by the supervisors of elections in order that the name of the candidate may be placed upon the ballot. It has also been held by this court in the case of
 
 State, ex rel. Gongwer,
 
 v.
 
 Graves, Secretary of State,
 
 90 Ohio St., 311, 107 N. E., 1018, that, without the affidavit which the statute requires to any part
 
 *256
 
 of a petition, the petition is as worthless as blank paper, no matter if every signature thereon is genuine.
 

 Hence with reference to the twelve petitions in which the oath was not actually taken by the notary, although she certified that it had in fact been taken, the declaration of candidacy and the nomination paper was as if it had contained no certification by the notary. It was void from its inception.
 

 The same thing is true of the petition in the Haldeman case, and in the Rosmarin case, for the authentication of the signatures of the signers of the petition is as mandatory under the statute as the authentication of the signature of the candidate himself.
 

 The proposed candidates made an effort to cure these defects after the time for filing the declarations of candidacy had elapsed, and the board of elections ruled apparently that it was immaterial whether this effort to cure the defects be made before or after the day set in the statute for filing the petitions and the declarations of candidacy. This ruling was in direct contravention of the decision of this court in the case of
 
 State, ex rel. Cox,
 
 v.
 
 Payne,
 
 117 Ohio St., 317, 158 N. E., 546, which holds in the second paragraph of the syllabus as follows: “Where a nominating petition is filed with the board of deputy state supervisors of elections in any county, no amendment can be made thereto unless such amendment be filed within the time limited for the filing of the original nominating petition. ’ ’
 

 Statutory requirements enacted for the protection of elections in this state have consistently been held to be mandatory.
 
 Board of Education of Ashville Village School Dist.
 
 v.
 
 Briggs, Auditor,
 
 114 Ohio St., 415, 151 N. E.,
 
 327; State, ex rel. Jackson,
 
 v.
 
 Board of County Commissioners of Fayette Co.,
 
 122 Ohio St., 456, 172 N. E., 154.
 

 Since the certifications of the notary were in fact false, it was the duty of the board of elections to reject
 
 *257
 
 all of the declarations of candidacy and the petitions. This is the specific requirement of Section 4785-78, General Code (114 Ohio Laws, 691), which provides: “If it is found that such candidate * * * has not fully complied with the provisions of law as herein provided, his name shall be withdrawn and shall not be printed upon the ballot * * V’
 

 Since the requirements were mandatory, the failure to comply with the requirements was not merely technical. The board of elections had no discretion as to whether it would or would not comply with the mandatory provisions of the statute. Hence the judgment of the Court of Appeals will be reversed and judgment will be entered for the plaintiff in error.
 

 Judgment reversed and judgment for plaintiff in error.
 

 Jones, Matthias, Day, Kinkade and Stephenson, JJ., concur.
 

 Marshall, C. J., not participating.