**STATE ex FOWLER v BOARD OF ELECTIONS OF FULTON COUNTY**

Ohio Appeals, 6th Dist, Fulton Co

No 121. Decided Dec 19, 1932

Newcomer & Parker for relator.
C. S. Ward, Prosecuting Attorney, Wauseon, C. L. Canfield, Wauseon, and L. E. Eastman, Toledo, for defendant.

**LLOYD, J.**

The right of relator to the remedy sought is governed by §4785-162, GC, which reads as follows:

"Any candidate voted for at a primary or other election, or any group of five or more qualified electors voting at such election, by making an application in writing to the board of elections, shall be entitled to have the votes for any such candidate, or other candidates for the same office, or any such issue, recounted in any or all precincts, upon the following terms and conditions. Such application must be made not later than the fifth day after the certificate of the official count has been made, and by depositing with the application ten ($10.00) dollars per precinct, or a bond to be approved by the board, to pay the actual cost of such recount, but in no case less than five ($5.00) dollars, and not to exceed ten ($10.00) dollars per precinct, for each precinct in which the recount is desired. If the petitioner or petitioners succeed in

establishing error sufficient to change the results in any precinct by at least two percent (2%) of the total vote cast for and against such issue in such precinct, then the deposit for such precinct shall be refunded; otherwise, the actual cost of such recount shall be paid into the general fund of the county in which such recount is had, provided, however, that the minimum charge of such recount shall not be less than five ($5.00) Dollars and the maximum more than ten ($10.00) dollars per precinct. If sufficient error is established to change the result of the election, regardless of the error found in any precinct, then the deposit made for all precincts shall be refunded."

Except for this statute relator would not be entitled to a recount of the votes cast for the office he seeks. The statute prescribes that a candidate voted for at a primary or other election shall be entitled to have the votes recounted in any or all precincts upon the following terms and conditions:

1. A written application therefor must be made to the Board of Elections not later than the fifth day after the certificate of the official count has been made.

2. With the application must be deposited $10.00 per precinct, or

3. A bond to be approved by the Board to pay the actual cost of such recount.

The statute seems clearly to provide that the required bond shall be in a sum equal to $10.00 for each precinct in which a recount is desired by the applicant, the words "but in no case less than $5.00 and not to exceed $10.00 per precinct" referring to the cost of the recount and not to the amount of the bond. This interpretation seems plainly apparent from the further requirement of the statute that "if the petitioner succeed in establishing error sufficient to change the results in any precinct by at least 2% of the total vote cast for such office in such precinct, then the deposit for such precinct shall be refunded, otherwise the actual cost of such recount shall be paid into the general fund of the county in which such recount is had, provided, however, that the minimum charge of such recount shall not be less than $5.00 and the maximum more than $10.00 per precinct."

In other words, if the actual cost per precinct is $10.00 or more, then $10.00 per precinct must be paid; if the actual cost per precinct is $5.00 or less, then in any event $5.00 per precinct shall be paid. The statute provides that the petitioner for a recount may deposit with his application $10.00 in cash for each precinct wherein a recount is requested, or may deposit therewith a bond in like amount, and without dictation from the Board of Elections or any one else, may choose which alternative he will pursue. The only prerogative of the Board is the approval or the rejection of the bond. The statute is plain in its import and neither the Board nor any one else may read into it that which is not there. The petitioner must decide for himself how he will proceed and must proceed strictly in accordance with the statute which creates the right he seeks to secure. Strict compliance with the statute as to the application for a recount and the giving of security for the cost thereof are mandatory and jurisdictional, and the relator having failed to proceed in the manner therein prescribed, this court must of necessity sustain the demurrer.

Relator, as we understand it, not desiring to plead further, his petition is dismissed.

RICHARDS and WILLIAMS, JJ, concur.