THE STATE, EX REL. BEHRENS, *v.* BOARD OF ELECTIONS OF HAMILTON COUNTY ET AL.

THE STATE, EX REL. SHARP, *v.* BOARD OF ELECTIONS OF HAMILTON COUNTY ET AL.

(Nos. 6365 and 6366—Decided October 15, 1943.)

*Mr. William R. Collins,* for relator.

*Mr. Carson Hoy, Mr. Edward Strasser* and *Mr. C. Watson Hover,* for respondents.

BY THE COURT. A motion for a new trial has been filed in this cause which is an original action in mandamus. As it was filed more than three days from the judgment of the court, such motion may not be considered as effective for any purpose.

On the application for rehearing, it is claimed that as the objections to the nominating petition were not filed with the board of elections before the fifty-fifth day prior to the election, such protest came too late to be effective.

If only the objections are considered, such contention is valid. Such is the holding in *State, ex rel. Cassidy,* v. *Zaller et al., Board of Elections of Cuyahoga County,* 142 Ohio St., 186, 50 N. E. (2d), 991, the syllabus of which is as follows:

"Under Section 4785-92, General Code, which permits objections to nominating petitions to be filed during the period of inspection of at least five days *prior* the fifty-fifth day preceding the election, objections filed on the fifty-fifth day before election are not filed within the time provided by statute, and the board of elections may refuse to consider them."

In that case, one filing an objection sought to *compel* the board through mandamus to pass upon the objection. The case merely holds that such relief may not be afforded when the protest is not filed until the fifty-fifth day.

However, the board obviously has always the duty as well as the inherent power to invalidate any defective petition. The law specifies certain necessary requirements of a valid petition. If any of those are lacking, the petition is defective, and is as useless for

any purpose as if no petition were filed. *State, ex rel. Minor,* v. *Curtis et al., Deputy State Supervisors of Elections for Erie County,* 101 Ohio St., 383, 130 N. E., 18; *Koehler, Jr.,* v. *Board of Elections of Butler County,* 125 Ohio St., 251, 181 N. E., 107.

Section 4785-13, General Code, provides in part:

"The boards of elections within their respective jurisdictions by a majority vote shall exercise, in the manner herein provided, all powers granted to such boards in this act, and shall perform all the duties imposed by law which shall include the following: * * *

"k. To review, examine and certify the sufficiency and validity of petitions and nomination papers."

In *State, ex rel. Smith,* v. *Lloyd,* 93 Ohio St., 20, 112 N. E., 141, it is stated:

"It appears upon the face of these petitions that in the respect referred to they were not in conformity with the requirements of the law, and therefore the board of deputy state supervisors and inspectors of elections was not required to deem them valid, although no objection had been made in writing within five days after the filing thereof. Sections 5005 and 5006, General Code, must be read and construed together. The latter section, as amended in 103 Ohio Laws, 844, provides that 'such objections *or other questions,* arising in the course of the nomination of candidates, shall be considered as follows: * * * For township or municipal offices, justices of the peace, or members of the board of education, by the board of deputy state supervisors of the county, and its decicion shall be final.' Not only would the board have the inherent right, but authority is conferred upon it, without objection filed, to reject and refuse to act upon nominating petitions which clearly are not in conformance with the requirements of the law.

It is the manifest duty of the board of elections to examine petitions filed with it and if the same do not comply with the requirements of law, to so find and pronounce such petitions void, whether objection or protest is or is not filed with the board.

In the instant case, the nominating petition failed to meet the requirements of the law and was therefore void.

The decision of the board to this effect may not be disturbed.

*Writ denied.*

Ross, P. J., HILDEBRANT and MATTHEWS, JJ., concur.