GROSSGLAUS, APPELLEE, *v.* BOARD OF ELECTIONS OF STARK COUNTY ET AL.; FRANCE, APPELLANT.

(No. 2329—Decided February 8, 1949.)

*Messrs. Burt, Carson, Lynch & Vogelgesang,* for appellee.

*Mr. Ian Bruce Hart, Mr. William L. Hart, Jr.,* and *Mr. L. Darrell Ake,* for appellant.

MONTGOMERY, J.  Following the general election held in November 1948, the Board of Elections of Stark County, after canvassing officially the votes cast in that county, certified, among other things, that the plaintiff, Harry W. Grossglaus, had been duly elected sheriff of such county.

On the fifth day after this certification, which under the statute was the last day on which a recount could be demanded, at about four p. m., the appellant, Richard R. France, filed with the board of elections a document which reads as follows:

"November 18, 1948.

"Honorable Board of Elections,

"Stark County,

"Canton, Ohio.

"Gentlemen:

"Enclosed please find check in the amount of $3,060, which represents my deposit for the purpose of a recount of votes for the three hundred and six (306) precincts in Stark county in the general election held Nov. 2, 1948.

"I understand this is in complete compliance with your ruling.

"Respectfully yours,

" 'Dick France'

"Dick France, Sheriff"

Accompanying this communication was the personal check of France for the sum of $3,060, not certified,

which was deposited with and accepted by the board of elections. The board then set the date for recount and notified both the theretofore candidates for the office, Grossglaus and France, that the recount would proceed in accordance with the notice. Thereupon Grossglaus filed a petition in the Court of Common Pleas attacking this application of France on three grounds, and asking for an injunction against any recount of ballots, as threatened by the board of elections. Issues having been made, the cause came on for trial before the Court of Common Pleas which, at the conclusion of the evidence, rendered judgment for Grossglaus and issued a permanent injunction against the board of elections proceeding with the recount, on two grounds, to wit, that the application for recount did not separately list each precinct as to which a recount of votes was requested, and that the applicant did not deposit in cash the sum of $10 for each precinct to be recounted.

From that judgment this appeal was perfected to this court.

There are a number of errors assigned which we have considered as they are specified, but they may be grouped under two real specifications, to wit, first, that a court of equity has no jurisdiction to interfere in this way with a matter purely political and Grossglaus had an adequate remedy at law and was not irreparably injured by the threatened action of the board, and, second, that the judgment of the Court of Common Pleas was contrary to law.

Upon the first proposition counsel for France have filed very elaborate briefs and argue their contention ably. However, it seems to us that that contention simply is not tenable.

The courts of Ohio have uniformly held that a court of equity may intervene in an election matter under

certain conditions. There is no prohibition, and there manifestly could not be, as to any action by a court of equity against an administrative body, if such body were proceeding to act without authority in derogation of the rights of a litigant.

For instance, in the much discussed case of *State, ex rel. Fowler,* v. *Board of Elections,* 45 Ohio App., 34, 40, 186 N. E., 17, where, discussing the facts, the court said, "* * * and the relator having failed to proceed in the manner therein prescribed, this court must of necessity sustain the demurrer."

And the Supreme Court, in affirming the judgment in the *Fowler case* (126 Ohio St., 582, 186 N. E., 446), held that the Court of Appeals was right in sustaining the demurrer.

Of course, the situation is not exactly parallel, because the *Fowler case* was an action in mandamus, but, nevertheless, the court accepts and adheres to the proposition that under given conditions the powers of a court may be invoked. In the recent cases of *State, ex rel. Burgstaller,* v. *Board of Elections,* 149 Ohio St., 193, 197, 78 N. E. (2d), 352, and *State, ex rel. Lemert,* v. *Board of Elections,* 149 Ohio St., 211, 215, 78 N. E. (2d), 368, the same principle was recognized. Furthermore, in those cases there was asserted the same principle announced by Chief Justice Marshall in the case of *Sullivan* v. *State, ex rel. O'Connor,* 125 Ohio St., 387, 394, 181 N. E., 805, where, in discussing the absence of fraud alleged or proved—and that is the situation in the instant case—he said:

"* * * the petition on the relation of O'Connor does not allege fraud, neither is it necessary that it should do so, because it has an equally potent allegation that the action of the board was an abuse of discretion and without authority of law."

We come, therefore, to a discussion of the second

proposition advanced by France, that the judgment of the lower court was contrary to law. Upon such proposition the court rendered a very able opinion, upon which we might without impropriety rely without further observation.

Section 4785-162, General Code, in part, provides:

"Each application for recount shall separately list each precinct as to which a recount of the votes therein is requested, and the person or persons filing an application for a recount shall at the same time deposit with the board of elections ten dollars for each precinct so listed in such application as security for the payment of charges for making the recount therein applied for, which charges shall be fixed by the board as hereinafter provided."

The fourth paragraph of the syllabus in the *Fowler case* (Court of Appeals), *supra*, is:

"Strict compliance with statute respecting application for recount and giving security by cash deposit or bond for cost thereof is mandatory and jurisdictional * * *."

And the affirmance of the judgment in that case by the Supreme Court is to the same effect.

Of course, the statute was amended and is different from what it was at the time of the decision in the *Fowler case*. At that time the statute provided that there might be a recount, and there was coupled with that authorization the statement that it shall be under "the following terms and conditions." That provision is not in the present statute, but, as we construe the present statute, its terms are mandatory, because throughout there appears the word, "shall."

In the case of *Koehler, Jr., v. Board of Elections*, 125 Ohio St., 251, 257, 181 N. E., 107, the court said:

"Since the requirements were mandatory, the failure to comply with the requirements was not merely

technical. The board of elections had no discretion as to whether it would or would not comply with the mandatory provisions of the statute.''

It may well seem that the discrepancies are technical and immaterial, and that there may be no point to a strict adherence to the statute, but as so often has been stated, the remedy in such a situation lies not with the courts but with the Legislature. And, certainly, the construction placed by the Common Pleas Court upon the statute as it affects this situation, which construction we place upon it, is no more technical than the position taken by the Supreme Court in the three recent cases in 149 Ohio State Reports, to wit, the *Burgstaller* and *Lemert cases, supra,* and *State, ex rel. McGinley,* v. *Bliss et al., Board of Elections,* 329. Those cases do more than set a precedent for us in the instant case. They seem to us to make it mandatory upon us to hold as we do.

It is true that the quoted notice served by France should indicate to the board of elections that he desired a recount of all the precincts, and, offhand, it might seem unreasonable that the precincts be listed separately, but such is the only possible interpretation of the statute. Counsel for Grossglaus advance the unique idea, which upon consideration shows some merit, that the purpose of the listing is to indicate the order in which the recount shall be had, particularly in view of the fact that there is vested in the applicant for a recount the right to withdraw his request during the progress of the count, if he sees fit; and, consequently, that the recount should proceed in the order in which the precincts are listed.

As to the deposit of this check: The quoted portion of the statute says the deposit shall be ten dollars for each precinct. That means cash. A check is nothing more than a direction upon the drawee to pay the

same, which direction might or might not be honored. There might or might not be sufficient funds to make the check good. The duty is upon the one who makes the deposit to comply with the statute, and it is not upon the one with whom the deposit should be made to assume the burden and responsibility of making sure that the check will be honored and of procuring the cash represented by it.

We can come to no conclusion other than that the trial court was right in its judgment, and such judgment is affirmed.

*Judgment affirmed.*

PUTNAM, P. J., and McCLINTOCK, J., concur.