Zimmerman, J.
 

 A stipulation of facts having been entered into and submitted by the parties to this action, a legal question only is presented.
 

 Section 4785-70, General Code, provides,
 
 inter
 
 alia, that if the election officials find that a candidate seeking a party nomination has not
 
 fully complied
 
 with the law relating to primary elections, his declaration of candidacy and petition shall be determined to be invalid and shall be rejected. Compare subdivision k of Section 4785-13, General Code.
 

 Section 4785-71, General Code, recites:
 

 “The form of declaration of candidacy and petition which a person desiring to be a candidate for a party nomination or a candidate for election to an office or position to be voted for at a primary election shall be substantially as follows:”
 

 Immediately after such statement appears a complete and detailed form of “Declaration of Candidacy Party Primary Election” followed by a complete and detailed form of “Petition for Candidate.” The oath set out in the form of “Petition for Candidate” reads in part:
 

 “The State of Ohio
 

 ‘1 County of-J
 

 “- (name of circulator of petition),
 
 *199
 
 being duly sworn, deposes and says that he is a qualified elector of the state of Ohio and resides at the address appearing below his signature hereto; that he is a member of the-Party * *
 

 The Secretary of State, proceeding under Section 4785-7, General Code, prescribed and published forms in almost the exact language employed by the General Assembly in Section 4785-71, General Code, which forms were used by Kroeger in making his declaration of candidacy and by the one who circulated his petitions.
 

 This court has no desire to be technical or unreasonable. However, a majority of the members entertain the opinion that the failure of the circulator of Kroeger’s nominating petitions to denote the circulator’s party membership in the oaths to either of the petitions, in conformity with the plain direction of the statute, constituted a substantial and fatal omission. We believe further that the part of the oath relating to party affiliation was deliberately and purposefully inserted by the General Assembly and hence the designation of party membership is an indispensable feature of the sworn statement demanded of the circulator. In this connection it is significant to note that in Section 4785-91, General Code, the oath following the form of nominating petition provided for an independent candidate for political office is silent concerning the party membership of the circulator of such a petition.
 

 The additional fact that the circulator of Kroeger’s nominating petitions was also a signer of one of them, does not cure the circulator’s failure to specify his party connection in the separate oath.
 

 In our view, compliance with Section 4785-71, General Code, in vital and material respects, is a condition precedent to the right of a prospective candidate to have his declaration of candidacy and nominating
 
 *200
 
 petition accepted and validated by a board of elections.
 

 The position taken herein is in accord with the principles announced and applied in the recent eases of
 
 State, ex rel. Burgstaller,
 
 v.
 
 Franklin County Board of Elections,
 
 149 Ohio St., 193, 78 N. E. (2d), 352, and
 
 State, ex rel. Lemert,
 
 v.
 
 Board of Elections,
 
 149 Ohio St., 211, 78 N. E. (2d), 368.
 

 In conclusion, it is to be remembered that this is an action in mandamus. Section 12283, General Code, defines mandamus as “a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.” Such definition has been applied by this court many times.
 

 Since Section 4785-71, General Code, sets out specificially the several elements which an oath to a nominating petition shall contain and since the oaths of the circulator of Kroeger’s nominating petitions lacked one of those elements, how could it be fairly held that the board of elections of Summit county violated a plain legal duty by refusing the petitions and declarations of candidacy?
 

 We therefore hold that the Board of Elections of Summit county did not act unlawfully in rejecting Kroeger’s declarations of candidacy and nominating petitions because of noncompliance with a statutory requirement, and that the Court of Appeals committed no error in denying Kroeger a writ of mandamus as prayed for.
 

 It follows that the judgment of the Court of Appeals should be, and it is hereby, affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart and Turner, JJ., concur.