Per Curiam.

Two issues are presented by this case:
1. Whether the board of elections abused its discretion in finding that the nominating petitions in question were sufficient and valid in spite of the fact that the jurats of the circulators of such petitions failed to contain the statement that the circulator is a “qualified elector of the state of Ohio.”
2. Whether the designation by an independent candidate of a term of office in his nominating petition which does not comply with the term of office set forth in a city charter invalidates such nominating petition.
Our consideration of the first issue necessarily begins with a consideration of the case of State, ex rel. Kroeger, v. Leonard et al., Board of Elections of Summit County, 151 Ohio St., 197, 84 N. E. (2d), 910, a case which is not cited by counsel, but which is almost directly in point.
In that case this court had before it the question of whether a board of elections had abused its discretion in deciding that nominating petitions were insufficient and invalid for the reason that the circulator had failed to designate the political party in which he held membership. In not only finding an absence of abuse of discretion, but also in affirmatively and in very positive language approving the decision of the board of elections, Judge Zimmerman, in his opinion, said:
“This court has no desire to be technical or unreasonable. However, a majority of the members entertain the opinion that the failure of the circulator of Kroeger’s nominating petitions to denote the circulator’s party membership in the oaths to either of the petitions, in conformity with the plain direction of the statute, constituted a substantial and fatal omission. We believe further that the part of the oath relating to party affiliation was deliberately and purposefully inserted by the General Assembly and hence the designation of party membership is an indispensable feature of the sworn statement demanded of the circulator. * * *
“The additional fact that the circulator of Kroeger’s nominating petitions was also a signer of one of them, does not cure the circulator’s failure to specify his party connection In the separate oath.
*11 “In our view, compliance with Section 4785-71, General Code, in vital and material respects, is a condition precedent to the right of a prospective candidate to have his declaration of candidacy and nominating petition accepted and validated by a board of elections.”
The board of elections in the instant case, in deciding that the omission of the statement, that the circulator is a “qualified elector of the state of Ohio,” from the jurats of the circulators does not make the nominating petitions insufficient and invalid, necessarily decided either that such phrase is not necessary in order to have “compliance with * * * [Section 3513.261, Revised Code] in vital and material respects,” or that later proof that such circulators were qualified electors cured the defect.
It is quite apparent from a reading of the quoted parts of the Kroeger case, supra, that the members of this court could not consistently have made the same finding had it been sitting as the board of elections in the protest hearing on the petitions in question.
It is also apparent that, the second alternative is precluded by the decision of this court in Koehler v. Board of Elections of Butler County, 125 Ohio St., 251, 181 N. E., 107. See, also, State, ex rel. Allen, v. Board of Elections of Lake County, post, 19.
However, such conclusions do not necessarily mean that a writ of prohibition will issue.
It must be remembered that in the Kroeger case the court was approving a decision of a board of elections, and that in making such decisions boards of elections have discretion. The test for reversing a decision of a board of elections is not necessarily whether this court agrees or disagrees with such decision, but it is whether the decision of the board of elections is procured by fraud or corruption, or whether there has been a flagrant misinterpretation of a statute or a clear disregard of legal provisions applicable thereto. See State, ex rel. Flynn, v. Board of Elections of Cuyahoga County, 164 Ohio St., 193, 199, 129 N. E. (2d), 623, and cases cited.
In testing an alleged abuse of discretion, reference must be had to all factors which contributed to the exercise of discretion which is labeled an abuse thereof.
*12 The respondents in the instant case, in their answer to relators’ petition, make the following statement which, not being contradicted by reply, must be taken as true:
“Answering further, respondents say that in the ordinary course of their business they did furnish petition forms to all candidates seeking elective offices in Lake County; that said petitions furnished by the respondents were substantially in the form provided by the statutes of Ohio but did omit in the statement or oath of the circulators the words, ‘qualified electors of the state of Ohio,’ with reference to the qualifications of the circulators * *
From that arises a fair inference that all candidates seeking elective offices in Lake County used the defective petition forms furnished by the board of elections of that county and, if the construction urged by relators is put on the Kroeger case, then each and every nominating petition filed with the board of elections of Lake County with respect to the November 1959 election is fatally defective and the board had no discretion but to refuse to accept or validate any of them! We can but feel that such a factor weighed heavily on the minds of the members of the board in reaching their decision to exercise their discretion as they did in the instant case.
Testing all the facts in the instant case by the general rule that the law favors free and competitive elections, we must conclude that while we would have been estopped by the Kroeger case from finding an abuse of discretion had the board decided in the instant case differently than it did, neither can we affirmatively find an abuse of discretion calling for a reversal of the decision it did make.
The second issue presented in this case is whether the candidates so erred when they designated the terms for which they were running as beginning on January 1, when in fact under the charter provisions such terms began on January 2, that they thereby invalidated their petitions.
We will quote in part from only one of the petitions to illustrate the problem before us: “I hereby declare that I desire to be a candidate for election for the office of Mayor for the full term commencing January 1, 1960 * *
*13 The plain and unambiguous answer to the contention of relators may be found in the very statutory provision containing the form on which they rely.
Section 3513.261, Revised Code, reads in part as follows: “1 hereby declare that I desire to be a candidate for election to the office of..............in the____ (state, district, county, city, village, township, or school district) ____for the .... (full term or unexpired term ending ........) at the general election to be held on the ----day of ............, 19...” (Emphasis added.)
An examination of this statute shows that in no place is a candidate required to set forth the date of the commencement of his term. It is only required that the candidate specify whether he is running for a full term or an unexpired term and if it is an unexpired term then he must set forth not the date of the commencement of the term but rather the date when such term ends. The inclusion in the present case of the date of the commencement of the terms constituted a mere surplusage which in no way affected the validity of the petitions.
There are occasions when the General Assembly has seen the necessity of requiring the candidate to set forth the date of the commencement of his term.
For example, in Section 3513.08, Revised Code, entitled “Declaration of candidacy for judge and candidate for any unexpired term,” it is provided:
“Each person filing a declaration of candidacy for nomination at a primary election as a candidate for election to the office of Judge of the Supreme Court, Court of Appeals, Court of Common Pleas, Probate Court, and such other courts as are established by law, in addition to designating in such declaration the office for election to which he seeks such nomination, shall, if two or more judges of the same court are to be elected at any one election, designate the term of the office for election to which he seeks such nomination by stating therein, if a full term, the date of the commencement of such term as follows: ‘ Full term commencing----(date)----’ or by stating therein, if an unexpired term, the date on which such unexpired term will end as follows: unexpired term ending---- (date) .....”
*14 It is seen that the General Assembly recognized that because of the staggered dates such information is necessary for an accurate description of the office. No such necessity exists in the present case, as a mere description of the office by title is sufficient.
Where a public office is of such a nature that in accurately describing it it is necessary to state not only the title but also the time of its commencement, then failure to accurately state the date of commencement of the term will invalidate a nominating petition. On the other hand, where the public office sought is of such a nature that it may be accurately described without pin pointing the date of the commencement of the term, a slight error in the insertion of the date which does not mislead the signers of the petition does not invalidate the petition.
It appearing that there was no abuse of discretion on the part of the board of elections in overruling the protest to the petitions in question, the writ of prohibition is denied.

Writ denied.

Zimmerman, Matthias, Bell, Herbert and Peck, JJ., concur.