Per Curiam.

The issue presented by this case is whether relator’s act resulted in making his nominating petition insufficient and, if so, whether such insufficiency could be cured after the filing date.
In the first paragraph of the syllabus of State, ex rel. Reed, v. Malrick et al., Board of Elections of Pike County, 165 Ohio St., 483, 137 N. E. (2d), 560, this court said:
“Where, under the provisions of Section 3513.261, Revised Code, requiring that, in order to validate nominating petitions of candidates for public office, the circulator of any such petition must make an affidavit, before an officer authorized by law to administer an oath, to the effect that the signatures to such *20 petition were written in the circulator’s presence and are the signatures of the persons whose signatures they purport to be, the candidate named in such petition acts as a notary public in administering the oath as to such affidavit, the affidavit is insufficient and by reason of such insufficiency the petition is invalid.”
We completely fail to comprehend a rationale which would allow this court to find that a board of elections abused its discretion by following to the letter a prior ruling of this court in making a decision with respect to facts which are identical with those upon which this court’s ruling was based.
Relator contends, however, that, since the only requirement for a circulator’s affidavit appears in the statutory form and that the statute requires only that a nominating petition form shall be substantially the same as the statutory form, the circulator’s oath is not an essential part of the petition paper.
Substantial compliance does not contemplate complete omission. The statutory form, like any suggested statutory form, need not be followed absolutely as to its wording. The statute itself provides for only substantial compliance. However, as we have said, substantial compliance would not warrant complete omission of the jurat of the circulator. Such jurat is a vital and material part of the nominating petition paper, and its inclusion is a condition precedent to the acceptance and validation of a candidate’s nominating petition paper by a board of elections.
The final argument of relator is that, on the broad grounds of the overriding public policy of free and competitive elections, his petition should be held sufficient since after the hearing on the protests (after the filing date of the petition) new affidavits were filed by the circulators. His contention is that his act constituted a mere technical error which could be corrected even though the time for filing had passed.
It is seen that, by virtue of the Reed case, supra, the fact that a candidate takes .the acknowledgment of his circulator renders such acknowledgment insufficient and makes the petition paper void for the lack of a valid jurat.
In the fourth paragraph of the syllabus of Koehler v. Board of Elections of Butler County, 125 Ohio St., 251, 181 N. E., 107, this court said:
*21 “4. When a declaration of candidacy or a petition is void under Sections 4785-70, 4785-71 or 4785-72, General Code, because of lack of subscription, oath or affirmation, it cannot be cured subsequent to the statutory date for filing the same, and the board of elections must reject such declaration or petition.”
From that it is apparent that the defect in the instant petition is incurable after the statutory filing date.
For the reasons set out herein, the writ of mandamus is denied.

Writ denied.

Weygandt, C. J., Zimmerman, Matthias, Bell, Herbert and Peck, JJ., concur.