Taft, J.,
dissenting. The form of circulator’s affidavit provided for by Section 3513.261, Revised Code, does indicate a legislative intent to require proof as to the name and address of the circulator of the petition, as to the number of signatures secured by such circulator on the petition, as to such circulator being a qualified elector of the state, as to such petition having been actually circulated by such elector, as to signatures on the petition having been written in his presence, and as to those signatures being the signatures of the persons whose signatures they purport to be. However, although that statute specifically states that ‘ ‘ each nominating petition shall contain a statement of candidacy which shall be subscribed and sworn to by the candidate,” there is nothing in that or any other statute as to the necessity of anyone signing or swearing to the circulator’s affidavit. Hence, it is apparent that the only purpose of that affidavit is to provide prima facie evidence of the facts stated in the authorized form of the affidavit. In other words, the presence of that form of circulator’s affidavit after the prescribed form of petition indicates only a legislative intention as to what facts must be proved and a legislative intention to authorize prima facie proof thereof by such an affidavit; and there is no statute that indicates by inference or otherwise that proof of such facts can be made only by such an affidavit. On at least three occasions, this court has recognized that proof of those facts can be supplied by other evidence even though furnished *22 after the filing and after expiration of the time for filing of the petition.
Thus, in Sullivan v. State, ex rel. O’Connor, 125 Ohio St., 387, 181 N. E., 805, where the unanimous decision of this court in effect reversed a decision of a board of elections that had held a petition fatally defective, paragraph three of the syllabus reads so far as pertinent:
“ * * * petitioners having acknowledged and made the oath required, the failure of the officer who takes the acknowledgment and administers the oath to‘petitioners, to legibly sign his name and to print his name below his signature and to give his official designation as such officer, are technical defects which will not invalidate such petition. ’ ’
In the opinion at page 393 it is said:
<< * * * q>}ae faet that Buckenmyer’s name was not signed in a legible manner, and that he failed to note his official character, is not fatal, because it is unquestioned that he was in fact a notary public, and that he in fact administered the oath, and that he in fact signed his name thereto. The defects of execution must be held to be of that character which would be subject to amendment, upon the same principle that a return of a sheriff can be corrected to show the facts of proper service, if in fact proper service had been made.
‘ ‘ * * * In cases involving elections * * * the inquiry relates to what the candidate and his petitioners may have done, rather than to the technical manner of proving what they may have done or not have done. This case is wholly different from Koehler, Jr., v. Board of Elections of Butler County, ante, 251 * * *. In that case the issue was whether the candidate and his petitioners had done what the law required. It was shown that while it appeared on the face of the petitions that the law had been complied with, the evidence clearly disclosed that the parties had not so done. In this case it is exactly the reverse. The candidate and his petitioners have done all that the law requires, but there is a technical defect in the certificate of the notary. This should not be held to render the petition and the declaration void. ’ ’
In State, ex rel. Patton, v. Bazzell et al., Board of Elections of Lawrence County, 161 Ohio St., 344, 119 N. E. (2d), 278, a *23 petition (notwithstanding the form specified in Section 3513.07, Revised Code, which was the applicable statute) did not (1) contain the name of the candidate (2) have a certificate that the signers thereof were members of any party or (3) state that the candidate wms a member of any party. This court approved a decision of a board of elections on a hearing on a protest against the candidacy which apparently permitted other proof of those matters as the basis for a determination that the petition was valid.
See also State, ex rel. Hanna, v. Lake County Board of Elections, ante, 9.
In Koehler, Jr., v. Board of Elections of Butler County, 125 Ohio St., 251, 181 N. E., 107, cited in the majority opinion, the defects involved were (1) the failure of a candidate to subscribe, swear to and acknowledge his declaration of candidacy (as specifically required by the applicable statute) and (2) the failure of electors who signed a petition for a candidate for member of a party controlling committee to subscribe and swear to or affirm the same (as specifically required by the applicable statute). In both instances, the applicable statutes expressly required such signing and swearing. There are no comparable words in any statute applicable in the instant case which expressly require the circulator of the kind of petition involved in the instant case to sign or swear to the authorized circulator’s affidavit.
In the instant case, the undisputed evidence before the board of elections (wholly apart from any affidavits notarized by the candidate) discloses that the circulators complied in every respect with all the legislative requirements that may be inferred from the authorized form of circulator’s affidavit specified in Section 3513.261, Revised Code. No such evidence was before the board of elections in State, ex rel. Reed, v. Malrick et al., Board of Elections of Pike County, 165 Ohio St., 483, 137 N. E. (2d), 560.