Per Curiam.

This action in mandamus was instituted in this court by John Hayes Ferguson, as relator, against Ted W. Brown, Secretary of State of Ohio, as respondent, to require the latter to accept, file and process certain declarations of candidacy made by relator, with attached nominating petition papers, for the office of Treasurer of State of Ohio. The case is submitted for decision upon the petition, the answer, a stipulation of facts and the demurrer to the answer.
It is alleged in the petition that relator is an elector of the United States, the state of Ohio and Guernsey County; that he is a member of the Republican Party; that the declarations of candidacy and the nominating petition papers mentioned above were timely filed with the respondent; that they meet all lawful requirements as to substance and form; that, in toto, they were signed by at least 1,000 electors, members of the Republican Party, from at least one-third of the counties of the state of Ohio; that respondent is under a clear legal duty to certify relator’s name to the several county boards of elections in the state of Ohio; and that relator is entitled to have his name placed on the official ballot to be used at the primary election in 1962, but that respondent unlawfully refuses to accept and certify such nominating petition papers.
The prayer of the petition is “ (1) that a writ of mandamus issue commanding respondent to certify relator’s name to the several county boards of election of this state as a candidate for *318 nomination as the candidate of the Eepnblican Party for the office of Treasurer of State of Ohio to be printed as such on the official ballots to be used in the primary election on May 8,1962, (2) for such other and further relief as relator shall appear to be entitled * #
In his answer, after certain formal admissions and a denial of all allegations of the petition not expressly admitted, the respondent alleges “that the petition filed by relator on February 7, 1962, consisted of 62 papers which contained 1,191 purported valid signatures from 31 counties,” and that “respondent forwarded said petition papers to the appropriate boards of elections which later returned said papers to respondent with certifications indicating that of the 1,191 signatures, 1,123 were valid and 68 were invalid.”
Further answering, the respondent sets out the reasons why a large number of relator’s nominating petition papers were rejected. It would serve no useful purpose to outline in detail such reasons. The answer alleges that the nominating petition papers came from 31 counties and contain 1, 123 signatures certified to be valid. The answer states further “that petition papers numbered 9741, 9722 and 9736 are the only ones from Wayne, Jackson and Perry Counties respectively.”
Photostatic copies of these petition papers are attached to the stipulation of facts as exhibits and disclose the basis for their rejection by respondent.
Section 3513.05, Eevised Code, provides, inter alia:
“If the declaration of candidacy declares a candidacy which is to be submitted to electors throughout the entire state, the petition shall be signed by at least one thousand qualified electors who are members of the same political party as the political party of which the candidate is a member, from at least one third of the counties of the state, and such declaration of candidacy and petition shall be filed with the Secretary of State * * *. ”
It is plain from the quoted language that in order to prevail in this action it was necessary for relator to present to respondent nominating petition papers in the form prescribed by statute and containing at least one thousand valid signatures from at least 30 Ohio counties, there being a total of 88 counties in the state, and that a failure on the part of relator to have done so *319 defeats him and requires the overruling of the demurrer to the answer.
Bespondent rejected petition paper No. 9741 from Wayne County, for the stated reason that there is shown neither the political affiliation of the circulator in the circulator’s affidavit nor the number of signatures placed on the petition paper in the presence of the circulator. A majority of this court is of the opinion that the necessity for the statement in the circulator’s affidavit as to his political affiliation is indicated by language used in Section 3513.05, Bevised Code, requiring the petition circulator to be a member of the same political party as the candidate, and by the form of the nominating petition paper as contained in Section 3513.07, Bevised Code, fortified by the decision of this court in the case of State, ex rel. Kroeger, v. Leonard et al., Board of Elections, 151 Ohio St., 197, 84 N. E. (2d), 910.
True, the circulator of petition paper No. 9741 presented a corrected affidavit to respondent at a later date but this occurred some 45 days after the deadline for filing petitions and 30 days after respondent was required by statute to certify candidates’ names to the various county boards of elections. The correction was too long delayed. See paragraph four of the syllabus in Koehler, Jr., v. Board of Elections, 125 Ohio St., 251, 181 N. E., 107.
Petition paper No. 9722 from Jackson County was rejected by respondent for the reason that relator’s declaration of candidacy thereon is not the same as the ones appearing on other petition papers, in that the name and signature of the notary public administering the oath to relator are completely missing.
In the opinion of a majority of this court, the statutes of Ohio relating to elections contemplate essentially one declaration of candidacy which shall be uniform and complete in accordance with the statutory mandates. Such declaration may be an original one at the head of each petition paper circulated, signed by the candidate individually and sworn to, or there may be a single complete original declaration with identical copies thereof heading all other separate nominating petition papers placed in circulation (Section 3513.09, Bevised Code), but there may not be a number of declarations varying in substance and form and *320 with material omissions.. Surely, the signers of the nominating petition papers have a right to be uniformly advised as to what the candidate has declared concerning his candidacy under oath.
Such interpretation" is supported by Section 3513.05, Revised Code, which refers in several places to “the declaration of candidacy,” by Section 3513.07, Revised Code, which begins, “The form of the declaration of candidacy,” etc., by Section 3513.09, Revised Code, and by expressions employed in the case of State, ex rel. Allen, v. Board of Elections, 170 Ohio St., 19, 161 N. E. (2d), 896. Compare Section 3513.261, Revised Code. In fact, Section 3513.05, Revised Code, begins with the statement:
“Each person desiring to become a candidate for a party nomination * * * shall * * * file a declaration of candidacy and petition * * *. Such declaration of candidacy, petition, and all part-petitions shall be filed at the same time as one instrument. ’ ’ (Emphasis supplied.)
What has just been said as to petition paper No. 9722 may be repeated as to petition paper No. 9736 from Perry County. The latter petition paper was rejected by respondent because the declaration of candidacy heading the same was different from others, in that it was signed by relator on a different date and the oath thereon was administered by a different notary public.
Since relator must furnish valid nominating petition papers from 30 counties, it is apparent that if even two of the nominating petition papers headed by a declaration of candidacy are fatally defective, relator must fail in his action.
Ordinarily, the decision of the Secretary of State with respect to the validity or invalidity of the nominating petitions presented by those seeking to be candidates for nomination to state offices is final in the absence of fraud, corruption, abuse of discretion or a clear disregard of statutes or court determinations. In the absence of those elements, the secretary’s decision affecting such petitions is not subject to judicial review. State, ex rel. Flynn, v. Board of Elections, 164 Ohio St., 193, 129 N. E. (2d), 623, first paragraph of the syllabus.
In the instant case, we cannot say that respondent was ar *321 bitrary or chargeable with an abuse of discretion, or that he misinterpreted the law in regard to the petition papers herein discussed and which he found to be invalid.
A candidate for nomination for public office and the circulator of his nominating petition papers should follow the plain statutory directions with respect to the required substance and form of the declaration of candidacy and the nominating petition; otherwise, there may be unfavorable and disappointing action taken by election officials.
It follows that the demurrer to the answer must be overruled, and, since counsel for relator have stated that such ruling will be dispositive of the case, the writ is denied.

Writ denied.

Weygandt, C. J., Zimmerman, Matthias and Griffith, JJ., concur.
Taft, Bell and O’Neill, JJ., dissent.
Griffith, J., of the Seventh Appellate District, sitting by designation in the place and stead of Herbert, J.