Per Curiam.

Section 3513.05, Revised Code, provides: “Each person desiring to become a candidate * * * for election to an office or position to be voted for at a primary election shall * * * file a declaration of candidacy and petition * # (Emphasis added.)
Section 3501.38, Revised Code, provides:
“All declarations of candidacy, nominating petitions, or other petitions presented to or filed with the Secretary of State or a board of elections or with any other public office for the purpose of becoming a candidate for any nomination or office * * * shall, in addition to meeting the other specific requirements prescribed in the sections of the Revised Code relating thereto, be governed by the following rules:
Í ( # * #
“(E) Every petition paper shall bear the affidavit of the circulator that he witnessed the affixing of every signature, that all signers were to the best of his knowledge and belief qualified to sign, and that every signature is to the best of his knowledge and belief the signature of the person whose signature it purports to be.”
Paragraphs (F) and (Gr) of Section 3501.38 contain additional provisions as to the conduct of the circulator of a petition.
Section 3513.07, Revised Code, provides:
“The form of declaration of candidacy and petition of a person desiring to be a candidate * * * for election to an office or position to be voted for at a primary election shall be substantially as follows:”
Following this provision of the section appears a form designated “Declaration of Candidacy Party Primary Election,” and following that form appears a form designated “Petition for Candidate.” Following the spaces provided for the signatures of electors on the petition appears the following language:
“The State of Ohio )
County of )
“............(Name of circulator of petition), being duly sworn, deposes and says that he is a qualified elector of the *107 state of Ohio and resides at the address appearing below his signature hereto; that he is a member of the..........Party; that he is the circulator of the foregoing petition paper containing ......(number) signatures; that he witnessed the affixing of every signature, that all signers were to the best of his knowledge and belief qualified to sign, and that every signature is to the best of his knowledge and belief the signature of the person whose signature it purports to be

i l

(Signature of circulator)

í Í

(Address of circulator)
‘ ‘ Subscribed and sworn to before me this .... day of ...., 19.....
“(Signature of officer administering oath)
“ (Title of officer)
‘£ The petition provided for in this section shall be circulated only by a member of the same political party as the candidate. ’ ’
In the “Petition for Candidate” form which the relator filed with the Board of Elections, there was no space for a signature of the circulator of the petition, and no person signed as circulator of the petition.
This petition did not comply with the requirements of the statute. This requirement has been set forth specifically and in detail by the recent enactment of the Legislature in Section 3501.38, Bevised Code, which was effective January 1, 1964.
Belator argues that the form of petition which he used was prescribed by the Secretary of State of Ohio and given to him by the Board of Elections. Even though this be true, the petition to be valid must comply with the requirements of the statute.
Since the relator’s petition did not comply with the re *108 quirements of the statute, it can not be said that the members of the Board of Elections abused their discretion in ordering the name of relator not to be printed upon the ballot. The relator has established no clear legal duty of the members of the Board of Elections to print his name upon the ballot and, therefore, the relator is not entitled to the writ prayed for. See State, ex rel. Kroeger, v. Leonard et al., Board of Elections of Summit County, 151 Ohio St., 197.

Writ denied.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.