THE STATE, EX REL. SCHMELZER, APPELLANT, *v.* THE BOARD OF
ELECTIONS OF CUYAHOGA COUNTY ET AL., APPELLEES.

[Cite as State, ex rel. Schmelzer, *v.* Bd. of Elections
(1982), 2 Ohio St. 3d 1.]

(No. 82-1409—Decided October 14, 1982.)

2

*Messrs. Schmelzer, Bowes & Weiss, Mr. John C. Bowes* and *Mr. Irving S. Weiss,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. David A. Williamson,* for appellee Board of Elections of Cuyahoga County.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas V. Martin,* for appellee Secretary of State.

*Per Curiam.* It is well settled in this state "that election statutes are mandatory and must be strictly complied with." *State, ex rel. Senn,* v. *Bd. of Elections* (1977), 51 Ohio St. 2d 173, 174 [5 O.O.3d 381], citing *State, ex rel. Abrams,* v. *Bachrach* (1963), 175 Ohio St. 257, 259 [25 O.O.2d 2]. Also, "in the absence of allegations of fraud, corruption, abuse of discretion, or a clear disregard of statutes or applicable legal provisions," decisions of a board of elections will not be disturbed. *Id.* at 175. Conversely, "mere technical irregularities" within an election petition will not serve to deny the electorate the opportunity to make a choice between candidates. *State, ex rel. Williams,* v. *Brown* (1977), 52 Ohio St. 2d 13, 20 [6 O.O.3d 79]. See, also, *Stern* v. *Bd. of Elections* (1968), 14 Ohio St. 2d 175 [43 O.O.2d 286].

The form of the nominating petition utilized by appellant is set forth in R.C. 3513.261, which requires the circulator to declare under penalty of election falsification the following:

"* * * *[T]hat he is a qualified elector of the state of Ohio* and resides at the address appearing below his signature hereto; that he is the circulator of the foregoing petition paper containing . . . . . . . . . .signatures; that he witnessed the affixing of every signature, that all signers were to the best of his knowledge and belief qualified to sign, and that every signature is to the best of his knowledge and belief the signature of the person whose signature it purports to be.

" . . . . . . . . . . . . . . . . . . . . . . .
"(Signature of Circulator)

" . . . . . . . . . . . . . . . . . . . . . . .
"(Address)

"THE PENALTY FOR ELECTION FALSIFICATION IS IMPRISON-MENT FOR NOT MORE THAN SIX MONTHS, OR A FINE OF NOT MORE THAN ONE THOUSAND DOLLARS, OR BOTH." (Emphasis added.)

Appellant contends the decision of the board is hypertechnical in nature and that the circulator of a candidate's nominating petition need not be registered with the board of elections. In support of this contention appellant relies on *State, ex rel. Bass,* v. *Bd. of Elections* (1952), 157 Ohio St. 345 [47 O.O. 201], and *State, ex rel. Hanna,* v. *Milburn* (1959), 170 Ohio St. 9 [9 O.O.2d 332].

In *State, ex rel. Bass, supra,* this court reviewed a decision of the Summit County Board of Elections which invalidated the nominating petitions of four candidates on the basis that a circulator, while registered with the board, had obtained her registration under false pretenses. The court reasoned that while the circulator was not a *de jure* elector, she was nevertheless a *de facto* elector and, as such, the candidates were entitled to rely on the board's registration records even though it was subsequently shown that the registration had been fraudulently procured.

The issue in *State, ex rel. Hanna, supra,* centered upon numerous petitions where the circulators' jurats omitted the statement prescribed under R.C. 3513.261 that the circulator is a "qualified elector of the state of Ohio." A protest was filed and the Board of Elections of Lake County certified the petitions since it was later demonstrated that all of the circulators were, in fact, qualified electors. In refusing to prohibit the certification by the board, this court stated at page 12:

"Testing all the facts in the instant case by the general rule that the law favors free and competitive elections, we must conclude that while we would have been estopped by * * * [*State, ex rel. Kroeger,* v. *Bd. of Elections* (1949), 151 Ohio St. 197 (39 O.O. 29)] from finding an abuse of discretion had the board decided in the instant case differently than it did, neither can we affirmatively find an abuse of discretion calling for a reversal of the decision it did make."[1]

A careful review and examination of our decisions in *Bass* and *Hanna* reveals these cases are readily distinguishable from the case at bar and that appellant's reliance thereon is misplaced. In contrast to the factual situation presented in *Bass,* the circulator in question did not appear as a *de facto* elector on the registration records of the board. Furthermore, as in *Hanna,* appellant was afforded a hearing and the opportunity to demonstrate that the circulator was a qualified elector; however, unlike the candidate in *Hanna,* appellant failed to provide such proof and, further, stipulated before the court of appeals that the circulator was not a qualified elector.

Contrary to appellant's assertion, the decisions in *Bass* and *Hanna* do not obviate the statutory requirement that the circulator of a nominating petition

---

[1] In *Kroeger* the circulator failed to designate on the nominating petitions the political party in which he held a membership. The omission was held to be substantial as well as fatal.

be a qualified elector. Instead, these decisions hold that when the General Assembly requires the circulator of a petition to be a qualified elector, compliance occurs when the circulator can be classified as either a *de facto* or *de jure* elector of this state. The circulator in the present cause cannot be said to fall within either category.

Moreover, we view this error not as a technical defect but as a substantial and fatal omission of a specific statutory requirement. Since appellant failed to comply with the unequivocal statutory requirements governing his petition for candidacy and "[t]he action of the board of elections in rejecting the petition was not an abuse of discretion or contrary to law," the writ of mandamus was properly denied. *State, ex rel. Reese,* v. *Bd. of Elections* (1966), 6 Ohio St. 2d 66, 67 [34 O.O.2d 84].

For the foregoing reasons the judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.