Jones, J.
 

 Under our state election laws, the local controlling committee of a voluntary political party for a county is the county central committee, chosen from precincts, wards, and townships in the county by direct vote at primary election. Within 15 days after its selection, the county central committee is required to elect a county executive committee, who shall serve for a period of two years. By virtue of his office, the secretary of state is made the state supervisor and inspector of elections, and he is required as such officer to perform the duties relating thereto “as prescribed in this title.” Section 4787, General Code. The specific duties prescribed in such title (title 14, Part First, entitled “Public Elections”) impose upon the secretary of state, as state supervisor
 
 *294
 
 of elections, the duty of appointing deputy state supervisors of elections for each county, selected equally from the two political parties casting the highest number of votes at the preceding November election. The method of such appointment is controlled by Sections 4804 and 4805, General Code, enacted in 98 Ohio Laws, page 288. Section 4808, General Code, further provides that:
 

 “When recommendations are made to the state supervisor for appointment to new terms or to fill vacancies in the office of deputy state supervisor by more than one committee, each claiming to be the rightful executive committee of a political party entitled to recommend qualified persons for appointment on such board, such state supervisor, before making any such appointment, shall notify the chairman of the state central committee of the political party entitled to such appointment, and he shall recognize that committee as the rightful executive committee which such state central committee shall certify to be the rightful committee of such party. If such committee fails to make such certification for ten days from the giving of such notice, the state supervisor shall determine which of such disputing bodies or committees is the rightful committee of such party and shall make the appointment as provided in this chapter.”
 

 This court has repeatedly decided that mandamus lies only where there is a violation of a clear legal duty. Our statute (Section 12283, General Code) authorizes the issuance of the writ for “the performance of an act which the law especially enjoins as a duty” resulting from the office.
 

 It appears from this record that there were
 
 *295
 
 recommendations made by 'two committees, each purporting to be the Democratic “executive” committee for Stark county. No attack was made upon the qualifications of the persons so recommended ; neither was there fraud or collusive action in any way charged against the secretary of state. Unless the latter should'investigate the regularity of the creation of these respective committees by independent action, and conduct a quasi judicial hearing in respect thereto, he could not ascertain which was the rightful Democratic executive committee of the county. Since elections are ordinarily matters for political regulation, they are not subject to judicial cognizance, unless some provision of the statute has been violated. The Democratic county central committee, or the Democratic state central committee, may have been guilty of a flagrant irregularity in recommending the appointment of Pontius, as shown by the record. There is no provision of law, however, which requires the secretary of state to investigate any such irregularity, or which specifically enjoins that duty upon him. Under Section 4808, General Code, when recommendations are made to the secretary of state by more than one party committee, each claiming to be the rightful “executive” committee, the specific duty is enjoined upon that official to notify the chairman of the state central committee. The law requires that the secretary of state shall “recognize that committee as the rightful executive committee which such state central committee shall certify to be the rightful committee of sucb party.” These statutory duties have been strictly adhered to by the secretary of state, except that,
 
 *296
 
 so far as appears from this record, he had not, at the time.,the petition in mandamus was filed, appointed the person certified by the Democratic state central committee. The reason for this nonaction may lie in the fact that the petition of the relator delayed such appointment. However that may be, it is evident from this record that the only person who could avail himself of the right of mandamus to compel his appointment to the board of deputy state supervisors and inspectors of elections for .Stark county was Pontius, and not Kauffmann. It was suggested in argument that an amendment to the reply would be filed, alleging a lack of legal quorum in the state central committee, when it met and certified the appointment of Pontius. But in our opinion these allegations would not affect the decision in this case.
 

 The demurrer to the reply will be sustained, the petition dismissed, and writ denied.
 

 Writ denied.
 

 Marshall, O. J., Pobinson, Matthias, Day, Allen, and Conn, JJ., concur.