Marshall, C. J.
 

 These causes originated in the Court of Appeals of Lucas county, Ohio, as suits in mandamus invoking the original jurisdiction of that court. The various petitions in mandamus alleged that the plaintiffs, present defendants in error, had filed in the office of the hoard of elections of Lucas county, Ohio, petitions and declarations of candidacy for the so-called office of Democratic committeeman
 
 *389
 
 in their respective wards and townships, subject to the will of the primary election to be held May 10, 1932; that their respective petitions were regular on their face, and six of them indicated that all legal formalities had been fully complied with. Within the time limited, protests were filed as to all the relators except Thomas J. O’Connor, on the ground that the several relators were not Democrats. In the case of O’Connor the protest was on the ground that the petition had not been properly executed in that it was not sworn to before an officer authorized to administer oaths; that the signature of the name of the officer who administered the oath was illegible and not dated; that no signature was printed or stamped beneath the signature, where the officer should have signed as required by law; and that there was no indication of the official capacity of the officer other than that a notarial seal was imprinted thereon.
 

 The pleadings raise no issue as to whether O’Con-nor was a Democrat. The evidence discloses without contradiction that the signers of his petition had signed, acknowledged and verified their signatures before Ed. P. Buckenmyer; that the declaration in the petition was signed prior to its filing on March 11, 1932, viz. February 23, 1932. The only claimed irregularity in O’Connor’s case is that Buckenmyer’s signature was illegible, that he had not given his official designation, and that he had not printed his name below his signature.
 

 A hearing was conducted before the board of elections on the question of the politics of each of the relators, and the board of elections unanimously found that all the relators other than O’Connor were not Democrats, and therefore refused to certify those relators for places on the ballot. As to O’Connor, he was refused a certificate on the ground of the aforesaid irregularity in his petition. Thereupon these actions were begun in the Court of Appeals, praying
 
 *390
 
 writs of mandamus. A full hearing was given in that court, and so far as we can learn the same evidence was introduced in that court that had theretofore been adduced before the board of elections. The court reached the conclusion that all relators were Democrats, and that the petition of O’Connor was only technically irregular, and awarded writs of mandamus in all cases. The causes have been filed in this court by the board of elections as of right, on the ground that the causes originated in the Court of Appeals.
 

 As grounds for the applications for writs of mandamus it is alleged that the refusal of the board of elections to certify the names of relators as eligible for printing upon the ballot is a failure to perform the official duty of the board members, and that the action of the board is “arbitrary, illegal, and an abuse of discretion, and without authority of law.” The relators did not allege fraud on the part of the board members ; neither did they allege a failure to comply with any positive provisions of the election laws, except in the case of O’Connor. The allegation that the act of the board was arbitrary, illegal, and an abuse of discretion did not in detail specify in what respect it was arbitrary or illegal, and most of these allegations are the statements of conclusions. The word “arbitrary” cannot be said to be the synonym of the word “fraudulent.” The action cannot be said to be arbitrary in the sense that the board acted without giving the relators a hearing, because the record shows that a full hearing was granted. As to the six relators no apparent legal question was involved. True, the law is very definite in requiring that all candidates for Democratic committeeman' must be Democrats. The board was not required to interpret that law. Or, if they did interpret it, it must be said that they interpreted it correctly. That is to say, the board determined that the petitioners must be Democrats. Having reached that determination, the board proceeded
 
 *391
 
 to conduct a hearing to determine whether they were in fact Democrats. The question before the board was purely one of fact, and its processes were clearly those of fact finding. Unless fraud entered into the action of the board, this court may not properly seek to determine whether the facts were correctly found. Neither was it the province of the Court of Appeals to determine that question of fact. Within similar limitations, Section 4785-13, paragraph k, General Code, enjoins upon the board of elections the power and the duty to ‘ ‘ review, examine and certify the sufficiency and validity of petitions and nomination papers.” Section 4785-78 provides that a member of the samé party as relator may protest in writing against the candidacy of any person seeking to become a candidate for nomination, and further provides “in the case of protests filed against candidates for county offices or offices of a district lying within a county, the same shall be heard and determined by the board of such county and its decision shall be final.” The board, therefore, in all the cases except that of O’Con-nor, was charged with the duty of determining whether relators were Democrats, and in his case was required to determine whether his petition was regular as to legal formalities. The problem before the Court of Appeals, and the problem of this court upon review of its judgments, must be whether the hearing before the board of elections and its conclusions upon the questions presented to it were of such character as to be within the exclusive province of the board, and therefore whether its orders are final.
 

 Through a long line of cases decided by this court it has become the settled principle that elections belong to the political branch of the government, and that therefore they are not
 
 per se
 
 the subject of judicial cognizance, and they have repeatedly been held to be matters for political regulation.
 
 Chapman
 
 v.
 
 Miller,
 
 52 Ohio St., 166, 39 N. E., 24;
 
 Randall
 
 v.
 
 State, ex
 
 
 *392
 

 rel. Hunter,
 
 64 Ohio St., 57, 59 N. E., 742;
 
 State, ex rel. Hildebrandt,
 
 v.
 
 Stewart,
 
 71 Ohio St., 55, 72 N. E., 307;
 
 State, ex rel. Buel,
 
 v.
 
 Joyce,
 
 87 Ohio St., 126, 100 N. E., 325;
 
 Link
 
 v.
 
 Karb, Mayor,
 
 89 Ohio St., 326, 104 N. E., 632;
 
 State, ex rel. Gongwer,
 
 v.
 
 Graves, Secy, of State,
 
 90 Ohio St., 311, 107 N. E., 1018;
 
 State, ex rel. Crull,
 
 v.
 
 Eidgenoss,
 
 108 Ohio St., 493, 141 N. E., 277;
 
 State, ex rel. Kauffmann,
 
 v.
 
 Brown, Secy. of State,
 
 111 Ohio St., 289, 145 N. E., 329;
 
 State, ex rel. Waltz,
 
 v.
 
 Michell,
 
 124 Ohio St., 161, 177 N. E., 214.
 

 By the repeated declarations of this court, allegations of fraud, corruption, or abuse of discretion must be specific.
 
 State, ex rel.,
 
 v.
 
 Eidgenoss, supra; State, ex rel. Maxwell, Pros. Atty.,
 
 v.
 
 Schneider,
 
 103 Ohio St., 492, 134 N. E., 443. It has further been declared repeatedly that notwithstanding the decision of the board is declared to be final, it may nevertheless be reviewed if procured by fraud or corruption, or where there has been a flagrant misinterpretation of a statute, or a clear disregard of legal provisions applicable thereto.
 

 In six of these cases, without any claim of fraud or corruption, the board has made a finding of fact that the relators are not Democrats. This conclusion was reached by a board composed of two Republicans and two Democrats. Whether or not a court, hearing the same evidence, would have reached a different conclusion is beside the point. The determination of the facts involved was committed by the Legislature to the board of elections. If there ever was any question of the power of the Legislature to repose that authority in the board, that question is no longer debatable. We are of the opinion that the allegations of the various petitions did not invoke the jurisdiction of the Court of Appeals in mandamus. We are also of the opinion that however erroneous the conclusions of the board may possibly have been in matters of judgment, it proceeded in the regular way to determine a
 
 *393
 
 question properly within its cognizance. No fraud intervened, and its findings of fact may not be disturbed by judicial authority.
 

 As to cause No. 23513, in which O’Connor was relator, we are of the opinion that O’Connor had fairly complied with the law, and that the alleged irregularities were not of that character which justified the board of elections in determining a fatal irregularity. In reaching this conclusion we call attention to the fact that Section 4785-78, General Code, concludes with these words, “but no declaration of candidacy shall be rejected for mere technical defects.” O’Connor had been properly sworn. His petitioners had been properly sworn. They had properly signed before being sworn. The fact that Buckenmyer’s name was not signed in a legible manner, and that he failed to note his official character, is not fatal, because it is unquestioned that he was in fact a notary public, and that he in fact administered the oath, and that he in fact signed his name thereto. The defects of execution must be held to be of that character which would be subject to amendment, upon the same principle that a return of a sheriff can be corrected to show the facts of proper service, if in fact proper service had been made.
 

 We would not be understood as holding that this notarial certificate is a model of artistic execution. Neither should the conclusions we have reached be taken as a precedent in cases which involve oaths and acknowledgments in other proceedings. In cases involving elections, where it is particularly provided that technical defects shall not cause a declaration to be rejected, the inquiry relates to what the candidate and his petitioners may have done, rather than to the technical manner of proving what they may have done or not have done. This case is wholly different from that of
 
 Koehler, Jr.,
 
 v.
 
 Board of Elections of Butler County, ante,
 
 251, 181 N. E., 107, which has recently
 
 *394
 
 been decided by this court on error proceedings from the Court of Appeals of Butler county. In that case the issue was whether the candidate and his petitioners had done what the law required. It was shown that while it appeared on the face of the petitions that the law had been complied with, the evidence clearly disclosed that the parties had not so done. In this case it is exactly the reverse. The candidate and his petitioners have done all that the law requires, but there is a technical defect in the certificate of the notary. This should not be held to render the petition and the declaration void.
 

 Inasmuch as causes Nos. 23514 to 23519, both inclusive, make no definite charges of fraud or violation of statutes, the Court of Appeals was without jurisdiction to grant the mandamus directed to the board of elections, and the judgments of the Court of Appeals in those causes will be reversed.
 

 In cause No. 23513 the petition on the relation of O’Connor does not allege fraud, neither is it necessary that it should do so, because it has an equally potent allegation that the action of the board was an abuse of discretion and without authority of law. The petition in that case differs from the other petitions in that it very definitely sets forth the matters which constitute the abuse of discretion and the lack of legal authority. In that case the Court of Appeals did have jurisdiction to review the action of the board of elections, and its judgment awarding the writ of mandamus will be affirmed.
 

 Judgment affirmed in cause No. 23513.
 

 Jones, Matthias, Day, Ahlen, Kinkade and Stephenson, JJ., concur.
 

 Judgments reversed in causes Nos. 23514 to 23519, both inclusive.
 

 Matthias, Day, Kinkade and Stephenson, JJ., concur.