By the Court.
 

 This matter was presented on the petition for a writ of mandamus, an answer, and a demurrer to the answer.
 

 On February 28, 1938, the term of Felix T. Matia, one of the Democratic members of the board of elections of Cuyahoga county expired. On February 4, 1938, an executive committee, which it is alleged was selected on December 29, 1937, adopted a resolution recommending Peter J. Warren for appointment to this position on the board of elections, and on February 11, 1938, this recommendation was filed by the relator with the Secretary of State.
 

 On January 5, 1938, a resolution recommending Felix T. Matia for reappointment was adopted by the executive committee which had been elected by the Cuyahoga County Central Committee at a meeting held within fifteen days after the primary election of May 12, 1936, in accordance with the provisions of Section 4785-64, G-eneral Code. The Secretary of State, after receiving this recommendation, appointed Felix T. Matia.
 

 The relator, a member of the executive committee which it is alleged was selected December 29, 1937,
 
 *620
 
 claims that since there were two recommendations received by the Secretary of State from different executive committees, under the provisions of Section 4785-9, General Code, it was his duty to refer the matter to the Democratic State Central Committee to determine the rightful committee. The prayer of the petition is that the Secretary of State be commanded to rescind the appointment of Felix T. Matia and to notify the chairman of the Democratic State Central Committee that recommendations have been received from two committees each claiming to be the rightful Democratic Executive Committee of Cuyahoga county.
 

 Under the provisions of Section 4785-63, General Code, it is the duty of the elected central committee to elect an executive committee. Under the provisions of Section 4785-65, General Code, the members of the central committee are elected for a two-year period, but the statute is silent as to the length of term of the executive committee.
 

 Upon an examination of the statutes, and in the absence of rules of the central committee to the contrary, we are of the opinion the presumption is that the members of the executive committee continue to serve from their election until the next primary election unless they resign, die or are removed for cause. There is no allegation in the relator’s petition that the members of the executive committee, elected in May, 1936, resigned or were removed for cause. There is no allegation that their positions were vacant. The only allegation is that the committee of which the relator is a member was “duly choseñ in accordance with a resolution passed by the Cuyahoga County Democratic Central Committee in meeting duly assembled on the 29th day of December, 1937.”
 

 In the absence of proof to the contrary, the presumption must be that the executive committee elected
 
 *621
 
 in May, 1936, is still continuing to serve in Cuyahoga county.
 

 Under the provisions of Section 4785-66, General Code, the lists of all party committees' must be filed with each county board of elections. Under the provisions of Section 4785-8, General Code, members of the board of elections are representatives of the Secretary of State. It is conceded that the only list of an executive committee on file with the board in Cuyahoga county is that elected in May, 1936.
 

 While relator relies upon the case of
 
 State, ex rel. Kauffmann,
 
 v.
 
 Brown, Secy. of State,
 
 111 Ohio St., 289, 145 N. E., 329, there is nothing in that ruling which compels the Secretary of State to refer the matter to the State Central Committee where upon the face of the records before him there are not two groups who make a
 
 bona fide
 
 claim to be the rightful committee.
 

 It was never intended by Section 4785-9, General Code, that any group, without the slightest color of right, could constitute itself an executive committee, and by the mere filing of recommendations with the Secretary of State compel him to submit the matter to the State Central Committee for its determination. That, however, is the logical conclusion of the argument of the relator.
 

 Wide powers are granted to the Secretary of State in the determination of such matters, essentially political in their nature, and his actions will not be interfered with by the courts in the absence of an abuse of discretion.
 

 From the records presented to this court, there is nothing to show that the members of the executive committee, elected in May, 1936, had either resigned or been removed. The lists' on file with the board of elections, which the Secretary of State consulted, showed the contrary. Under such circumstances this
 
 *622
 
 court cannot say that the Secretary of State, in recognizing the committee elected May, 1936, abused his discretion, thus giving the relator a clear legal right to the relief prayed for in his petition.
 

 The demurrer to the answer is overruled, and the writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Mye^s and Gorman, JJ., concur.