THE STATE, EX REL. SCHWARTZ, *v.* LEONARD ET AL.
THE STATE, EX REL. WASSERMAN, *v.* LEONARD ET AL.
THE STATE, EX REL. DAVIS, *v.* LEONARD ET AL.

(Decided April 9, 1940.)

*Mr. Benjamin S. Schwartz, Mr. Howard Gould, Mr. Chauncey D. Pichel, Mr. Leon Strikman* and *Mr. Stuart E. Fletcher,* for relators.

*Mr. Carl W. Rich, Mr. Walter M. Locke* and *Mr. Edward Strasser,* for respondents.

BY THE COURT. The only defect claimed in the petitions accompanying the declarations of candidacy of Harry S. Schwartz and Harry M. Wasserman for pre-

cinct committee at the Republican primary is that the notaries public were not present and did not see all of the petitioners sign their names. The petitions are in all respects regular in form.

The board of elections sustained protests on that ground and rejected the petitions.

The undisputed facts are that after these petitioners had signed, and after the notaries had affixed their signatures to the certificates that the petitioners had subscribed in their presence, and before the petitions were filed with the board of elections, the petitioners came into the presence of the notary who had subscribed the certificate and pointed out their respective signatures on the petitions and acknowledged them to be genuine signatures affixed for the purpose recited in the petitions.

By Section 4785-72, General Code, as amended in 118 Ohio Laws, 228, it is provided in part that: "The five persons signing such petition of candidacy shall sign the same before a person authorized by law to administer an oath or take an affirmation."

The board of elections is the agency established by law to administer the election laws of which the above provision is a part. The subject-matter is political and not judicial. The courts have no jurisdiction to supervise elections or administer the election laws. Their function is to determine whether the administrative board is performing its duty under the law.

So long as the board proceeds in good faith to determine the facts and apply the law thereto, there is no basis for judicial intervention. The statute provides that the decision of the board shall be final, but "it may nevertheless be reviewed if procured by fraud or corruption, or where there has been a flagrant misinterpretation of a statute, or a clear disregard of legal provisions." *Sullivan* v. *State, ex rel. O'Connor,* 125 Ohio St., 387, at 392, 181 N. E., 805.

There is no claim of fraud or corruption in this case.

The only possible basis for judicial intervention is that the board flagrantly misinterpreted the statute, or clearly disregarded an applicable legal provision.

We find that the board was conscious of the applicable statute—did not disregard it—but, on the contrary, construed and applied it in accordance with its natural and fundamental meaning. The statute provides that the signing should be before a person authorized to administer an oath or take an affirmation. To hold that what was done by these petitioners comes within the meaning of this language requires resort to abstruse legalistic reasoning of—to say the least—doubtful validity. Certainly, the construction placed on it by the board cannot be characterized as a flagrant misinterpretation.

We, therefore, hold that the relators have failed to establish a case for judicial intervention and that their petitions should be dismissed.

As to the case of relator Robert Davis, we find that Pauline Davis could not act in the dual capacity of petitioner and the notary before whom the subscription was made, and, therefore, her signature must be disregarded in determining whether the petition is subscribed by the requisite number of qualified Republican electors. That leaves five signers, which is the exact number required by the law, but one of these—Herbert Warm—voted at the Democratic primary in 1938, and, of course, thereby declared that he had voted for a majority of the Democratic candidates at the prior general election. It is true that he testified that he voted for a majority of the Republican candidates at the next general election, but this raised an issue of fact, and as the board of elections rejected the candidacy, the court would not be justified in disturbing its decision. The law confers upon the board the jurisdiction to determine issues of fact, and in the absence of fraud or abuse of discretion, its decision is final. We find no fraud or abuse of discretion.

We, therefore, find that relator Davis has not proved a case for judicial intervention.

Entries may be presented in accordance with this opinion.

*Judgments accordingly.*

HAMILTON, P. J., MATTHEWS and ROSS, J. J., concur.