Zimmerman, J.,
dissenting. These are actions in mandamus brought originally in this court wherein the relators to prevail must show that the respondent, the Board of Elections of Summit County, failed to perform an act which the law specially enjoins as a duty resulting from the offices the members of the board hold.
Under the statutes of Ohio (Sections 4785-3 and 4785-71, General Code), it was essential that Mary E. McGowan, circulator of relators’ nominating petions, be a qualified elector to render such petitions valid.
After the filing by relators of their declarations of candidacy and nominating petitions, protests were duly registered with respondent to the respective candidacies of relators and it then became the right and duty of the respondent, under Sections 4785-3(k) and 4785-70, General Code, to hear and determine such protests. Upon a finding that the candidates had not fully complied with the laws relating to primary elections, it became the further duty of respondent to invalidate and reject the nominating petitions. Section 4785-70, General Code, makes the determination of the respondent on such question final. And this court has declared that a factual determination by a board of elections on a matter within its jurisdiction is final in the absence of fraud or corruption. Sullivan v. State, ex rel. O’Connor, 125 Ohio St., 387, 181 N. E., 805.
Eespondent did hear the protests; the hearing was full and complete; there was ample evidence to sup *353 port the conclusion that Mary E. McGowan had knowingly made false statements and representations concerning a material matter on the registration form she filled out to become an elector; and hence she never qualified as an elector. No fraud or bad faith is charged against respondent in the performance of its statutory duty.
Furthermore, in the answer of the respondent appears the following allegation: ‘ ‘ * * * the registration form of the said Mary E. McGowan contained statements under oath to the effect that she was born in the state of Ohio, which statements were false and untrue and were known to be such when made in that said registrant was born in Ireland and by reason thereof, said registration form was a nullity and she was not registered as provided by law.” This is not denied.
It is our opinion that, upon the authorized findings of respondent in a proceeding where the determination could be made, the attempted registration of Mary E. McGowan was void ab initio. She was not an elector at any time and totally lacked the capacity to circulate effectively relators’ petitions. Those petitions, being without validity or force because of the disqualification of the circulator, were'properly rejected, by respondent.
Wanting good and sufficient nominating petitions, relators could not rightfully demand that their names be placed on the ballot as candidates to be voted on at the primary election.
If the sanctity of the election process is to be preserved, it would seem that the courts should be slow to place a stamp of approval on a declaration of candidacy based on the actions of a circulator concedediy guilty of deliberate misrepresentation as to concedediy material facts.
Weygandt, O. J., concurs in the foregoing dissenting opinion.