THE STATE, EX REL. MAY ET AL., *v.* JONES ET AL., PORTAGE
COUNTY BD. OF ELECTIONS.

[Cite as State, ex rel. May, v. Jones, 16 Ohio App. 2d 140.]

(No. 394—Decided November 4, 1968.)

*Mr. Danny D. Johnson,* for relators.
*Mr. Perry Dickinson,* for respondents.

LYNCH, J.   Relator Charles D. May entered the main
campus of Kent State University, Kent, Ohio, as an un-
married student in September 1967 and is still a student
there.   On March 2, 1968, he married relator Patricia S.
May, who had three children by a previous marriage.  Rela-

tors purchased a new home at 373 Silver Meadows Blvd., Kent, Ohio, for approximately $29,000. They moved into their new home on April 20, 1968, and their entire family has resided there ever since.

On June 17, 1968, relators applied to register as voters with respondents, Portage County Board of Elections, but were rejected because relator Charles D. May is a student. Respondents contend that relators were not entitled to register in Portage County under Section 3503.05, Revised Code. Relators then filed their petition in this court praying for a writ of mandamus directing respondents to register relators as voters.

Section 3503.05, Revised Code, provides as follows:

"If any person attends any institution of learning which is located in a county other than the county in which the voting residence of such person was located immediately preceding the time he commences to attend such institution, and if such person while attending such institution resides in the county in which such institution is located, his voting residence and the voting residence of his spouse, if any, shall be at that location in the precinct in which it was located immediately preceding the time he commenced attending such institution, and not by his place of residence while attending such institution, unless such person shall establish or acquire a home for permanent residence."

Relators are over twenty-one years of age and have been domiciled in the state of Ohio for all their lives. They have spent the major portion of their lives in Tuscarawas County, Ohio. Relator Charles D. May's parents are both deceased. He left home in 1960, served four years in the United States Air Force, and returned to Dover, where he attended Kent State University Extension at New Philadelphia, Ohio. When he started attending the main campus at Kent State University at Kent, Ohio, he stayed at the Y. M. C. A. in Akron, Ohio, from September 1967 to December 1967. He owned a trailer which was in New Philadelphia, Ohio. In January 1968 he moved his trailer to the Kent Trailer Park in Portage County, and he lived

there until April 20, 1968, when he moved to his present residence.

He is now a junior at Kent State University in education. He plans on obtaining his bachelor's degree at this university, teaching one year and attending graduate school for the purpose of obtaining his master's degree.

Relator Patricia S. May had been previously married, but her husband died leaving her with three children. She had resided in the village of Sugarcreek, Tuscarawas County, Ohio, where she owned a home which she sold after her present marriage.

Both relators have employment in Kent, Ohio. They do not own any property in Tuscarawas County, and have no present interest in Tuscarawas County. They intend to live at their present home at least four to five years, and their plans are indefinite as to any change of residence from their present home. They consider their present residence in Kent, Ohio, as their home. They are taxpayers of the city of Kent and Portage County, Ohio.

Relators contend that Section 3503.05, Revised Code, is unconstitutional because it discriminates against students and deprives them of their right to vote.

Under Section 1, Article V of the Ohio Constitution every citizen of the United States who shall have been a resident of the state one year next preceding the election and of the county, township or ward in which he resides for the time provided by Section 3503.01, Revised Code, which is forty days preceding the election, shall be entitled to vote at all elections. Section 4 of Article V provides that the General Assembly shall have the power to exclude from the privilege of voting, or of being eligible to office, any person convicted of bribery, perjury, or other infamous crime. Section 6 of Article V of the Ohio Constitution excludes idiots and insane persons as electors.

Under the facts in this case, relators have moved from Tuscarawas County with no intention of returning, and, unless Section 3503.05, Revised Code, would otherwise provide, they would be ineligible to vote in Tuscarawas County. We feel that there is a serious question whether electors

would be eligible to vote in Tuscarawas County under the circumstances of this case because there is no longer any address there that they can claim as a residence.

Relators point out that if relator Charles D. May had been a resident of any state other than Ohio relator Patricia S. May then would be disfranchised under the policy of the Portage County Board of Elections. Respondents contend that if a woman marries an out-of-state student under these circumstances, she voluntarily disfranchises herself under Section 3503.05, Revised Code.

In an early case, the Supreme Court held that the Legislature has no power, directly or indirectly, to deny or abridge the constitutional right of citizens to vote or unreasonably to impede its exercise. The power of the Legislature in such cases is limited to laws regulating the enjoyment of the right, by facilitating its lawful exercise, and by preventing its abuse. Such laws must be reasonable, uniform and impartial and must be calculated to facilitate and secure, rather than to subvert and impede, the exercise of the right to vote. *Monroe* v. *Collins,* 17 Ohio St. 665, at pages 685-686, followed in *Daggett* v. *Hudson,* 43 Ohio St. 548, 54 Am. Rep. 832.

In Ohio, all persons having the requisite qualifications of age and residence have a constitutional right to vote at all elections, except idiots and insane persons, and such other persons as may have been denied or excluded from the privilege by reason of their conviction of bribery, perjury, or other infamous crime. *Sturgeon* v. *Korte,* 34 Ohio St. 525, at page 534.

We hold that Section 3503.05, Revised Code, is not, per se, unconstitutional. However, we hold that Section 3503.05, Revised Code, cannot disfranchise a student, or wife of a student, who satisfies the qualifications of Sections 1, 4 and 6 of Article V of the Ohio Constitution and Section 3503.01 of the Revised Code; otherwise, it would be unconstitutional in its application to such cases.

In the instant case, our conclusion is that relators are elegible voters in Kent, Ohio, under the provisions of Section 3503.05, Revised Code; therefore, we do not have to

consider the constitutionality of Section 3503.05, Revised Code, as applied to the facts of this case. However, the consideration of the constitutional aspects of this case was one of the factors entering into our decision that relators are eligible voters in Kent, Ohio.

This court appointed Attorney Charles E. Zumkehr of Kent, Ohio, as Master Commissioner in this case to take testimony and make conclusions of facts therefrom. The Master Commissioner concluded that the residence and domicile of the relators is 373 Silver Meadows Blvd., Kent, Ohio, and that relators have been residents at that address for a period of time sufficient to qualify them to vote in the forthcoming general election to be held in Portage County, Ohio, on the fifth day of November 1968.

After a review of the record of this case, we fully concur in the conclusions of fact of our Master Commissioner. We find that the relators have established a home for permanent residence in Kent, Ohio, and that the refusal of respondents to register relators is arbitrary and a clear abuse of discretion.

Courts have generally recognized a student's right to vote at his college residence when the student's actions and conduct in the school town manifest an intent to make that place his new home. *State, ex rel. Kaplan,* v. *Kuhn,* 11 O. D. 321, 8 N. P. 197; 98 A. L. R. 2d 495.

In other states the student who gives the usual answer when his right to vote in a college town is challenged—that his plans as to a future residence are uncertain and depend upon employment and other opportunities, but that he considers the town his home for the present and has no intention of returning to his parents' home—will be allowed by the courts in most states to vote in the college town. 98 A. L. R. 2d 497-498.

The question of the selection or change of residence is one of fact. *Sturgeon* v. *Korte,* 34 Ohio St. 525, at page 535.

The question of the authority of this court to review the factual determination of a board of elections came before this court in the case of *State, ex rel. Donofrio,* v. *Hen-*

*derson,* 4 Ohio App. 2d 183. However, the *Donofrio case* involved a protest against the candidacy of a person seeking nomination by petition pursuant to Section 3513.262, Revised Code.

Sections 3513.05, 3513.262 and 3513.263, Revised Code, provide that the protests against the candidacy of any person filing a declaration of candidacy for a party nomination or election or filing a nominating petition to an office or position shall be filed with the election officials with whom the declaration of candidacy and petition or nominating petition was filed. Such election officials shall hear the protest and determine the validity or invalidity of the declaration of candidacy and petition or nominating petion. *Such determination shall be final.*

Under the above statutes, factual decisions of boards of elections are not subject to judicial review in the absence of allegations of fraud, corruption, or a clear disregard of statutes or legal provisions applicable thereto. *State, ex rel. Flynn,* v. *Board of Elections of Cuyahoga County,* 164 Ohio St. 193; *Sullivan* v. *State, ex rel. O'Connor,* 125 Ohio St. 387.

There are no similar statutes pertaining to the determination of boards of elections as to the registration of voters. The case of *State, ex rel. Lakes,* v. *Young,* 161 Ohio St. 341, concerned a board of elections that sustained an objection to the candidacy of a Republican Central Committeeman on the basis that he was not a resident of the township at issue. The Supreme Court granted relator's prayer for a writ of mandamus on the basis that the evidence showed that relator had established a voting residence in the township pursuant to Section 3503.02, Revised Code. Thus, the Supreme Court has indicated that a factual decision of a board of elections as to the residence of a person seeking to become a voter is subject to judicial review when such factual decision is arbitrary, unreasonable, or constitutes an abuse of discretion. See *State, ex rel. Beck,* v. *Hummel,* 150 Ohio St. 127; 1 Ohio Jurisprudence 2d 576, Administrative Law and Procedure, Section 185.

We hold that there is no substantial evidence to support the decision of respondents rejecting relators' applications to register as voters and that such decision was arbitrary and unreasonable and constituted an abuse of discretion by respondents.

The writ of mandamus prayed for by relators is allowed. Respondents are hereby ordered to register relators as voters.

*Writ allowed.*

O'NEILL, J., concurs.

JONES, P. J., dissenting. Mandamus is an extraordinary legal remedy afforded only when entitlement to the relief sought is clear. In this case, the relief sought, simply stated, is: Relators claim the right to vote in Portage County, and the Board of Elections of Portage County has denied them the right to vote in Portage County pursuant to the board's application of Section 3503.05, Revised Code, to the facts at bar. Though I may have determined otherwise, as to whether or not the relators are excepted from Section 3503.05, Revised Code, by virtue of the last clause contained therein, the point remains that this is a factual determination. In the absence of the grounds for judicial review, this court is without jurisdiction to alter the board's findings.

Undoubtedly, this is an example of a situation wherein harsh facts result in questionable law.

The constitutionality of Section 3503.05, Revised Code, is not raised as an issue by the pleadings, so we are not entitled to pass upon same. Claim is made that the board acted unconstitutionally, not that Section 3503.05, Revised Code, is unconstitutional in toto or even in part as it applies to relators.

Accordingly, I would dismiss the petition for the reasons stated and thereby let the decision of the Portage County Board of Elections stand.