THE STATE, EX REL. GRIFFIN, *v.* KRUMHOLTZ, CHMN.,
MONTGOMERY CO. BD. OF ELECTIONS.

(No. 82-447—Decided May 26, 1982.)

*Ms. Lula M. Anderson,* for relator.

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. William P. Butterfield,* for respondents, members of the board of elections.

*Coolidge, Wall, Matusoff, Womsley & Lombard Co., L.P.A.,* and *Mr. Roger J. Makley,* for intervening respondent.

*Per Curiam.* The sole issue before this court is whether a writ of mandamus should issue to compel the board of elections to place the subject referendum on the ballot at the June 8, 1982, primary election.

Although respondents urge a number of bases for denying the requested writ of mandamus, we need consider only one—that relator's petition does not contain the "election falsification statement" required by R. C. 519.12 and 3501.38(J).

In part, R. C. 519.12 requires that a petition calling for a zoning referendum contain the following statement:

"THE PENALTY FOR ELECTION FALSIFICATION IS IMPRISONMENT FOR NOT MORE THAN SIX MONTHS, OR A FINE OF NOT MORE THAN ONE THOUSAND DOLLARS, OR BOTH."

R. C. 3501.38(J) imposes the additional requirement that such statement appear in "bold face capital letters."

In place of the statutorily mandated language, relator's petition contained the following statement:

"REFERENDUM PETITION

"Revised Code Secs. 519.12, 3501.02, 3501.28

"NOTICE

"WHOEVER KNOWINGLY SIGNS THIS PETITION MORE THAN ONCE, SIGNS A NAME OTHER THAN HIS OWN, OR SIGNS WHEN NOT A LEGAL VOTER, IS LIABLE TO PROSECUTION."[3]

---

[3] With the exception of the substitution of the word "legal" for the word "qualified," this statement was apparently taken from R. C. 3519.05 as it existed prior to September 27, 1974.

Clearly, the statement contained in relator's petition varies from that set forth in R. C. 519.12. Moreover, the statement which does appear on the petition, although typed in capital letters, is not in bold face capital letters. Thus, there exist two violations of the election statutes.

Relator, while acknowledging these defects, nevertheless urges this court to compel the board of elections to certify the issue for placement on the ballot. Among the grounds offered in support of his position, relator contends that the petition substantially complies with the statute, since "[t]he goals of the election statute have been accomplished although the exact wording of the 'election falsification statement' did not appear on relator's petition." Related to the foregoing is relator's contention that his statement "more accurately described what, in fact, election falsification entailed * * *."

We view such arguments charily. In 1974, when the General Assembly changed the language of the election falsification statement, its purpose was to insure not only that the signers and circulators of the petition be made aware of the fact that election falsification is a crime but also that significant sanctions are imposed for violations of the election laws. Moreover, to dispel any possible misconceptions that might arise, the General Assembly required such statement to be emphasized by placing it in bold face capital letters.

Relator's argument that his statement more accurately described what election falsification entailed is without merit. To adopt relator's argument would necessarily require this court to find that relator, and not the General Assembly, is in the best position to determine the appropriate language to be included in referendum petitions. This we decline to do.

"The general rule in Ohio is that election statutes are mandatory and must be strictly complied with." *State, ex rel. Senn,* v. *Bd. of Elections* (1977), 51 Ohio St. 2d 173, 174; *State, ex rel. Evergreen Co.,* v. *Bd. of Elections* (1976), 48 Ohio St. 2d 29, 31. We find no reason in this case to depart from this salutary principle.

For the foregoing reasons, the writ of mandamus is denied.

*Writ denied.*

128

W. Brown, Locher, Holmes, C. Brown and Krupansky, JJ., concur.

Celebrezze, C. J., and Sweeney, J., dissent.