**State, ex rel. Esch, v.
Lake Cty. Bd. of Elections**
*[Cite as 7 AOA 500]*

*Case No. 90-L-15-128*
*Lake County, (11th)*
*Decided October 31, 1990*

*Nick C. Tomino, Suite 700, 113 St. Clair Avenue, Cleveland, Ohio 44114, for Relator.*

*Steven C. Latourette, Lake County Prosecutor and Michael P. Brown, Assistant Prosecutor, 47 N. Park Place, Painesville, Ohio 44077, for Respondent.*

*Per Curiam.*

The parties have submitted an agreed statement of facts as follows:

Relator is a taxpayer, resident and elector of the City of painesville, Ohio. The relator requested the respondent, Lake County Board of Elections, to reject an initiative petition to sub-

mit an ordinance to the electors of the City of Painesville, at the November 6, 1990 election. Respondent denied the request on September 21, 1990.

As a result, relator filed with this court on September 21, 1990, an application for alternative writ of mandamus and a complaint for writ of mandamus ordering the board to reject the initiative petition and prohibit the placement of the proposed ordinance on the November 6, 1990 election ballot. The issues in this case revolve around the lack of a title on the initiative petition.

On October 2, 1990, this court issued a judgment entry in this matter. The judgment entry granted relator's application and set up a briefing schedule. It did not schedule an evidentiary hearing because the parties submitted an agreed statement of facts. A hearing date of Monday, October 29, 1990, was set for the purpose of oral argument only.

The relator raised four issues for this court to consider. They are as follows:

"A. The requirement in Revised Code 731.31 that an initiative petition contain a full and correct copy of the title of the proposed ordinance is mandatory.

"B. Compliance with R.C. 731.31 is mandatory and 'substantial compliance' with the statute is not sufficient.

"C. The requirements for initiative petitions contained in R.C. 731.31 are mandatory regardless of whether it can be shown that failure to comply with the statutory requirements might possibly mislead voters.

"D. The failure of the initiative petition to have a full and correct copy of the title of the proposed ordinance may also serve to mislead voters."

The test which is applied in this instance is whether there was "*** a flagrant misinterpretation of a statue, or a clear disregard of legal provisions applicable thereto *** " by the board of elections. *Sullivan v. State, ex rel. O'Connor,* (1932), 125 Ohio St. 387, 392. The *Sullivan* court makes it very clear that, with very limited exceptions, only questions of interpretation of *law,* not fact, can involve the jurisdiction of the court of appeals in this type of mandamus. Clearly that is the situation before us now.

The first issue is whether the requirement that an initiative petition contain a full and correct copy of title is mandatory. R.C. 731.31 in pertinent part provides:

"Any initiative or referendum petition may be presented in separate parts but each part of any initiative petition shall contain a full and correct copy of the title and text of the proposed ordinance *** ."

In *State, ex rel. Burech, v. Belmont Cty. Bd. of Election* (1985), 19 Ohio St. 3d 154, the Supreme Court considered a similar issue. The petition in *Burech* addressed a referendum repealing a permissive tax levied by a county. The form of such a petition was covered by R.C. 305.32. That statute contained the same language now at issue in R. C. 731.31: "*** each petition paper shall contain a full and correct copy of the title and text of the resolution or rule sought to be referred." *Burech,* at 155.

Specifically, in *Burech,* the petition contained neither the full and correct title nor text of the resolution. In allowing the writ, the court stated "[t]his court has consistently held that election statutes are mandatory and . must be strictly complied with." *Id.* at 156, citing *Chevalier v. Brown* (1985), 17 Ohio St. 3d 61, 63; *State, ex rel. Senn, v. Bd. of Elections* (1977), 51 Ohio St. 2d 173, 174; *Griffin v. Krumholtz* (1982), 70 Ohio St. 2d 125, 127. In coming to this conclusion, the court held that the lack of the title and text was not a technical defect; rather, it affected the petition's ability to fairly and substantially present the issue. "The statute clearly requires that the full and correct copy of the title and text of the resolution be recited in the petition papers." *Id.* at 156.

Likewise, in *State, ex rel. Hirsch, v. Bd. of Elections* (1979), 65 Ohio App. 2d 160, the Ninth District allowed the writ where an initiative petition lacked a full and correct title required under R.C. 731.31. We disagree with the relator's contention that *Hirsch* did not deal directly with the title issue. As in the present case, the text was provided, but the petition did not contain the necessary full and correct title, nor the required affidavits. Under the circumstances, the court ruled the petition invalid.

A sister appellate district did find in a factually similar case that the failure to include a title on an initiative petition was simply a technical oversight and did not mislead voters. *Waste Technologies Industries v. Columbiana County Board of Elections* (Nov. 1, 1988), Columbiana App. No. 87-C-54, unreported. In that particular case, the initiative petition was merely six lines, and the appellate court affirmed the lower court's determination that no flagrant misinterpretation of the elections

statutes nor any clear disregard of the legal provisions had occurred.

The authorities relied upon by the *Waste Technology* court are cases in which the statutory basis specifies "substantial compliance." The statute at issue in the instant case has no such "substantial compliance" language. Thus, we reject the logic of *Waste Technology*.

In view of the statute and the above case law, we believe the lack of a title bars the petition from the election. On the face of R.C. 731.31, the statute requires a *full* and *correct* title. The initiative petition presently before this court does not involve a case of a partial title. Rather, the petition lacks any title whatsoever, much less a full and correct one.

Although both the *Burech* and *Hirsch* cases had more than one defect *(Burech* had a missing title and text, and *Hirsch* a missing title and affidavits), the Supreme Court unequivocally stated that "elections statutes are mandatory and must be strictly complied with." *Burech, supra,* at 156. A missing title on a proposed ordinance is not a technicality. This is not an instance where the title is unclear or abbreviated. It is a total absence of a title. The title is critical in identifying the petition which the electors are signing. Without the title, a petition is in danger of being misrepresented and/or misunderstood. The wording of R.C. 731.31 and its construction by the Supreme Court in *Burech* require a title for good reason. Therefore, the relator's first issue has merit.

The second issue presented argues that compliance with R.C. 731.31 is mandatory and that "substantial compliance" with the statute is not sufficient. It is really an extension of the first.

Respondent relies on *Stern v. Bd. of Elections* (1968), 14 Ohio St. 2d 175, and *State, ex rel. Maurer, v. Franklin Cty. Bd. of Elections* (1987), 33 Ohio St. 3d 53, to support its position that "substantial compliance" is all that is required by R.C. 731.31. Specifically in *Stern,* the court contemplated the requirements of R.C. 3513.07 governing a petition for candidacy containing the following language: "*** to be voted for at a primary election shall be *substantially* as follows: *** " (Emphasis added.) Likewise, *Mauer* addressed nominating petitions, covered by R.C. 3513.261, containing the following language: "[a] nominating petition *** shall be *substantially* in the form prescribed in this section." (Emphasis added.) In both these cases, the statutes involved contained specific

language that the petition should "substantially comply" with certain procedures. Also, the omission in *Stern* was very minor. The notary inadvertently failed to put his signature to the jurat next to his printed name. Otherwise, the circulator "took every action and duty required by law." *Id.* at 178.

This is not the situation in the case currently being considered. Here, it is not just a matter of a flawed title. Rather, no title exists in any fashion. We cannot read language into the statute. As previously stated, the Supreme Court, as recently as 1985, has stated election statutes "must be strictly complied with." *Burech* at 156.

The court's strictness in this matter is exemplified in *State, ex rel. Evergreen Co., v. Bd. of Elections* (1976), 48 Ohio St. 2d 29. In *Evergreen,* the court considered the lack of a proper affidavit under R.C. 731.31. There was an affidavit in some form, but the circulators were not sworn. The court distinguished *Stern, supra,* stating that there the circulator had performed every duty required by law and had been placed under oath by the notary. That was not so in *Evergreen,* and the Supreme Court concluded that one defect, the circulator's failure to be sworn, invalidated the petition under R.C. 731.31. This issue has merit.

The facts under the present circumstances are even more compelling since there was no attempt, failed or otherwise, to title the petition. Thus, it could not constitute even "substantial compliance" under R.C. 731.31.

The third and fourth issues presented concern whether the petition misleads the general public and whether the requirements of R.C. 731.31 are mandatory regardless.

Addressing the mandatory portion first, for the reasons previously stated, we believe that the provisions are mandatory regardless of whether or not the voters will be misled. Nevertheless, as was also previously stated, we believe the legislative requirement for a title to be well justified. The language of the petitions is frequently complex and convoluted. A title identifying the issue content and position may be the only real insight an elector has into the petition. Thus, the third issue is meritless.

Nonetheless, since the purpose of the provision is to protect the voters, this fourth issue is further explored. Even if this court accepted the reasoning in *Waste Technologies, supra,* the text in the present case is such that it could indeed mislead voters. In *Waste Technologies,* the court

sets forth a test based on whether there was reason to believe that a voter could not make an informed decision regarding the content of the proposed ordinance. *Id.* at 8. The proposed ordinance in *Waste Technologies* was a mere six lines long making it easily readable by anyone.

In contrast, the petition in this case covered three-quarters of a page, consisting of three sections and containing nineteen lines.

We are convinced that a title would be beneficial in enlightening the average elector as to the nature of the petition, and, on the contrary, its absence could well be misleading. Thus, relator's fourth issue also has merit.

Although we wholeheartedly agree with the respondent's position that, whenever possible, such decisions should be left to the voters rather than to the courts, we feel strongly that the questions of law presented to us prevent such an easy out.

In an analogous decision, Justice William B. Brown in his concurring opinion admirably summarized our position today.

"Rather than to engraft in to the law a precedent which would require this court to decide such cases in partisan circumstances without a guiding standard, I prefer to impose upon initiators a strict though easily accomplishable requirement that can be uniformly and consistently applied. Hard cases, indeed, often make bad law. Herein, however, I must opt for the hard decision rather than the bad law. *** " *State ex rel., Carter v. Celebrezze, J.* (1980), 63 Ohio St. 2d 326, 330.

The relator's complaint for a writ of mandamus, as prayed for is granted.

CHRISTLEY, P.J., MAHONEY, J., FORD, J., concur.