THE STATE EX REL. CUYAHOGA COUNTY DEMOCRATIC PARTY
EXECUTIVE COMMITTEE *v.* TAFT, SECRETARY OF STATE.

[Cite as *State ex rel. Cuyahoga Cty. Democratic Party
Executive Commt. v. Taft* (1993), 67 Ohio St.3d 1.]

(No. 93–47—Submitted May 19, 1993—Decided June 11, 1993.)

*Donald J. McTigue; Porter, Wright, Morris & Arthur, Anthony J. Celebrezze, Jr.* and *Kathleen M. Trafford,* for relator.

*Lee Fisher,* Attorney General; *Squire, Sanders & Dempsey, David J. Young* and *Pamela Hackes Thurston,* for respondent.

*Per Curiam.* The executive committee mainly argues that Taft's rejection of its recommendation was an abuse of discretion. We agree and, therefore, issue the requested writ of mandamus.

R.C. 3501.07 permits the appropriate county executive committee to recommend a candidate for a vacancy on the county board of elections. The statute also provides:

"The secretary of state shall appoint such [qualified] elector, unless he has reason to believe that the elector would not be a competent member of such board. In such cases the secretary of state shall so state in writing to the chairman of such county executive committee, with the reasons therefor, and such committee may either recommend another elector or may apply for a writ of mandamus to the supreme court to compel the secretary of state to appoint the elector so recommended. In such action the burden of proof to show the qualifications of the person so recommended shall be on the committee making the recommendation. If no such recommendation is made, the secretary of state shall make the appointment."

We have held that this statute affords the Secretary of State "broad discretion in determining whether recommended appointees are competent to be members of boards of elections," *State ex rel. Democratic Executive Commt. v. Brown* (1974), 39 Ohio St.2d 157, 160, 68 O.O.2d 100, 102, 314 N.E.2d 376, 378, and we continue to adhere to this view. However, we now hold that when the Secretary of State rejects a recommended appointee for failure to comply with the campaign finance laws, suspected violations of these requirements will not, standing alone, justify the conclusion that the appointee is incompetent to serve.

Accordingly, we hereby grant the writ of mandamus and order that Taft approve the executive committee's recommendation to appoint Dimora to the vacancy existing on the Cuyahoga County Board of Elections.

*Writ granted.*

A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., dissents.

WRIGHT, J., not participating.

MOYER, C.J., dissenting. I respectfully dissent from the majority opinion because it fails to follow well-established law of this state and because it sends the wrong message with respect to the qualifications required of persons serving as members of a county board of elections.

In an opinion that sweeps aside precedent of this court establishing the broad discretion of the Secretary of State under R.C. 3501.07 to reject the recommenda-

tion of a county political party, the majority claims to adhere to the principle of law established in *State ex rel. Democratic Executive Commt. v. Brown* (1974), 39 Ohio St.2d 157, 68 O.O.2d 100, 314 N.E.2d 376. The majority concludes that the Secretary of State does not have the discretion to reject a recommended appointee because he has failed to comply with campaign finance laws. I fail to comprehend why the Secretary of State has discretion to reject an appointee on the basis of a potential personality conflict or conflict of interest, as we have previously held, but does not have the discretion to reject an appointment on the basis that the appointee has violated campaign finance laws. There can hardly be a clearer case of this court's substitution of its judgment for that of the Secretary of State.

The second reason the writ of mandamus should be denied is that the majority of this court has now held that the Secretary of State has a clear legal duty to seat a person on a board of elections who has violated the very campaign finance laws the appointee is required to administer.

The writt should be denied.