THE STATE EX REL. LAWRENCE COUNTY REPUBLICAN PARTY
EXECUTIVE COMMITTEE *v.* BRUNNER, SECY. OF STATE.

[Cite as *State ex rel. Lawrence Cty. Republican Party Executive Commt. v. Brunner,* 119 Ohio St.3d 92, 2008-Ohio-3753.]

(No. 2008–0442—Submitted July 22, 2008—Decided July 31, 2008.)

**Per Curiam.**

{¶ 1} This is an original action for a writ of mandamus to compel respondent, Secretary of State Jennifer Brunner, to appoint Mary M. Wipert to the Lawrence County Board of Elections as recommended by relator, Lawrence County Repub-

lican Party Executive Committee. Because the secretary of state did not abuse her discretion in rejecting the committee's recommendation, we deny the writ.

### Recommendation and Materials Submitted by the Committee and Wipert to the Secretary of State

{¶ 2} At a meeting held on January 10, 2008, the committee recommended that Secretary of State Brunner appoint Wipert to the board of elections for the four-year term beginning March 1, 2008. The committee and Wipert submitted to the secretary the committee's recommendation, a questionnaire for the prospective appointment that was completed by Wipert,[1] and Wipert's signed resume. On her resume, Wipert provided her address, her high school education, and her work experience, which included her notation that she had been fired as director of the board of elections in 2007.

{¶ 3} Neither the resume nor any of the committee's submissions to the secretary explained why Wipert had been fired by the board of elections.

### Information Opposing the Recommendation Submitted to the Secretary of State

{¶ 4} In January 2008, Karen Simmons, a Democratic member of the Lawrence County Board of Elections, approached the secretary of state at a conference and introduced Catherine Overbeck, a Republican, who had replaced Wipert as the director of the board of elections. Overbeck handed the secretary a letter in which she advised the secretary that it would be a mistake to appoint Wipert to the board of elections. Overbeck had personal knowledge of Wipert's work as director of the board, having worked with her for about ten years. In the letter, Overbeck specified many reasons supporting her recommendation that the secretary of state not appoint Wipert. According to Overbeck, the board has worked effectively and efficiently since Wipert's termination.

{¶ 5} When Overbeck handed the secretary her letter, Simmons seemed to vouch for Overbeck's credibility, and the secretary personally assessed Overbeck's demeanor and determined her to be genuine, authentic, and credible.

{¶ 6} Overbeck later sent a second letter to the secretary, notifying her that Wipert had interrupted an instructional class for poll workers and had advised the director and the deputy director that they were wrong on an issue when in fact, as Wipert later acknowledged, they were correct.

---

1. Wipert did not answer a question about whether a campaign in which she was involved as a candidate or treasurer had ever been the subject of a referral or complaint to the Ohio Elections Commission, but the secretary never relied on this failure to respond in rejecting the committee's recommendation.

{¶ 7} Michael T. Struble is a regional liaison for the secretary, and in that capacity serves as the secretary's representative for nine boards of elections, including the Lawrence County Board of Elections. Based on his conversations with Overbeck and the deputy director, Eric Bradshaw, Struble drafted a memorandum for the secretary in which he cited several reasons to reject the committee's recommended appointment of Wipert to the board of elections. The secretary also talked with Struble about the committee's recommended appointment.

### Secretary of State's Rejection of the Committee's Recommendation

{¶ 8} By letter dated February 20, 2008, the secretary of state rejected the committee's recommendation of Wipert for appointment to the board of elections. R.C. 3501.07 requires that the secretary provide written reasons for rejecting a committee's recommendation, and in her letter, the secretary relied on the following reasons to conclude that Wipert was not competent to serve as a board member: (1) "Wipert, while previously serving as director and/or deputy director of the board of elections, has engaged in partisan political activity while in the board offices and during office hours," (2) concerns were expressed about Wipert's "handling of election petitions," (3) Wipert "was recently fired by the board from her most recent position as director, and she notes the same on her resume, which she personally signed," (4) a local newspaper reported that Wipert "continued to accept compensation including biweekly pay and health insurance coverage through August 31, 2007, and that contributions on her behalf were made to the Ohio Public Employees Retirement System through that date even though her employment ended in February 2007," (5) the secretary "received written statements that support the conclusion that Mrs. Wipert has exhibited an abusive attitude and used profane language toward board officials and employees," and (6) at a poll worker training session, Wipert "inappropriately challenged the training provided by the director and the deputy director by interrupting their presentations and suggesting to the trainees that they were being incorrectly instructed." The secretary of state based her decision on her conversations with Overbeck, Struble, and Simmons, Overbeck's letters, Struble's memorandum, Wipert's resume, and newspaper articles.

{¶ 9} The secretary noted that the committee could submit a new recommendation. On February 29, after the committee chose not to submit a second recommendation, the secretary appointed Carl Lilly as a Republican board member.

### Mandamus Case

{¶ 10} Instead of submitting a second recommendation, on February 28, the committee filed this action for a writ of mandamus to compel the secretary to

appoint Wipert to the board of elections. After the secretary filed an answer, we granted an alternative writ. 117 Ohio St.3d 1495, 2008-Ohio-2028, 885 N.E.2d 953. The parties submitted evidence and briefs.

{¶ 11} This cause is now before the court for our consideration of the merits.

### Mandamus to Compel the Appointment

{¶ 12} The committee requests a writ of mandamus to compel the secretary of state to appoint Wipert to the board of elections. "The statutory framework establishes a bipartisan composition of the state's boards of elections, which provides county executive committees of the two major political parties with the right to recommend appointees who shall be appointed by the secretary of state. [Under R.C. 3501.07,] [t]he Secretary may reject the recommended appointee if she has reason to believe that an elector would not be a competent member of the board." *State ex rel. Summit Cty. Republican Party Executive Commt. v. Brunner*, 118 Ohio St.3d 515, 2008-Ohio-2824, 890 N.E.2d 888, ¶ 2.

{¶ 13} The committee bases its entitlement to the writ on R.C. 3501.07, which "affords the Secretary of State 'broad discretion in determining whether recommended appointees are competent to be members of boards of elections.' " *State ex rel. Cuyahoga Cty. Democratic Party Executive Commt. v. Taft* (1993), 67 Ohio St.3d 1, 2, 615 N.E.2d 615, quoting *State ex rel. Democratic Executive Commt. of Lucas Cty. v. Brown* (1974), 39 Ohio St.2d 157, 160, 68 O.O.2d 100, 314 N.E.2d 376. In the absence of an abuse of that discretion, we will not interfere with the secretary's decision. *Brown* at 161, 68 O.O.2d 100, 314 N.E.2d 376; *State ex rel. Devitt v. Kennedy* (1938), 133 Ohio St. 619, 621, 11 O.O. 342, 15 N.E.2d 348.

{¶ 14} Based on the evidence submitted to the secretary of state as verified by the evidence introduced in this case, the committee has not established that the secretary abused her discretion in rejecting the committee's recommendation to appoint Wipert to the board of elections. That evidence included Wipert's engaging in partisan political activity while serving as the board's director, correcting petitions after they had been filed with the board, and being fired by the same board for which she sought membership. For these reasons, we deny the writ.

Writ denied.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Anderson & Anderson Co., L.P.A., Brigham M. Anderson, and W. Mack Anderson, for relator.

Nancy Hardin Rogers, Attorney General, and Richard N. Coglianese, Damian W. Sikora, and Pearl M. Chin, Assistant Attorneys General, for respondent.